CONRAD S. BEELER, Respondent, *v.* JAMES CARDWELL *et al.*, Appellants.

*Forcible Entry and Detainer.*—The party in peaceable possession cannot be legally ejected by force. The question of right does not at all arise in the action of forcible entry and detainer, and the defendants cannot set up their right as a defence for their forcible entry.

*Appeal from Jefferson Circuit Court.*

*Finken & Thomas*, for respondent.

*Frissell & Green*, for appellants.

BATES, Judge, delivered the opinion of the court.

This case was once before in this court, and the decision in it is reported in 29 Mo. 72. After the cause was remanded to the Jefferson Circuit Court, it was again tried and a verdict and judgment given for the plaintiff, from which judgment the defendants appeal to this court. Upon the new trial the facts do not differ materially from those which appeared at the first trial.

The court instructed the jury as follows:

"1. If the jury find for the plaintiff, then the true measure of his recovery will be the value of the rent of the land for the time it was cultivated and occupied by the defendants.

"2. The court instructs the jury that if they find that the plaintiff was peaceably in possession of the field at the time of the alleged entry of the defendants, then the defendants are guilty, even though the jury may believe that the defendants had the preferable right to have the possession."

No exception was taken to the first instruction. The second instruction was given after the jury had retired, and had twice reported that the jurors could not agree upon a verdict.

The court refused to give the following instructions prayed by the defendants:

"1. If the jury find from the evidence that Conrad S. Beeler, the plaintiff, leased the field in question for two years, from the first of March, 1858, and the lease had not been surrendered on the first day of March, 1859, then the law considers the lessee in possession of said field on that day, and the lessee or his agents have the right to hold the possession against the lessor, and to use all necessary force to expel him if he attempts to take possession against their consent.

"2. That if the plaintiff got the privilege of using the stock-field from Dover, who had purchased the crop of 1858, his right under that privilege does not justify him in holding the possession for the purpose of making a crop, and the defendants, having the right to use the field for that purpose, are justified in resisting the plaintiff in preparing to make a crop in said field.

"3. In order to constitute possession in George Beeler, for whom the defendants were engaged to work the land, it was not necessary that he or they should stand on the land, or keep agents or servants there, but any act done by George on or in reference to the premises, indicating an intention to hold the possession thereof to himself, was sufficient to give him the actual possession."

There was no error in giving or refusing instructions. The plaintiff, if in actual, peaceable possession, could not be legally ejected by force. If the defendants had superior right to the possession, the law provides ample means for enforcing it ; but the question of right does not at all arise in this action of forcible entry and detainer, and the defendants cannot in any mode set up their right as a defence for their forcible entry.

The second instruction given by the court would be erroneous in assuming as fact, that an entry was made by the defendants, if that fact had been in dispute ; but the whole case shows that that fact was not denied by the defendants, who rested their defence upon a justification of the entry.

Judgment affirmed. Judges Bay and Dryden concur.