GEORGE VAN EMAN *et al.*, Appellants, *v.* ALEX. H. WALKER *et al.*, Respondents.

47 169
39a 194
47 169
48a 156

1. *Forcible entry and detainer, question of right does not arise in.* — In actions of forcible entry and detainer the question of right does not arise.

*Appeal from Fourth District Court.*

*J. G. Blair*, for appellants.

*Dryden, Lindley & Dryden*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

This is an action of forcible entry and detainer. The plaintiffs recovered a judgment in the Circuit Court, which the District Court reversed, and the plaintiffs now bring the case here by appeal.

That the defendants entered into and took and held possession of the premises sued for (a church edifice) against the will of the plaintiffs, does not appear to have been a subject of much controversy; nor is it disputed that the defendants, immediately after taking such possession, offered to share the possession with the plaintiffs, thus giving the plaintiffs an opportunity to hold and enjoy the property in common with the defendants. The point mainly contested had reference to the right of the plaintiffs to hold and occupy the church edifice and grounds in exclusion of the defendants. Considerable evidence was given on that subject. It is evident, however, from repeated decisions of this court, that the question of *right* was wholly foreign to the case. (Krevet v. Meyer, 24 Mo. 107; Beeler v. Cardwell, 33 Mo. 84; and see the subsequent decisions.)

The plaintiffs, at the trial, nevertheless assumed the unnecessary burden of showing their right as well as the fact of their possession. This the defendants objected to, as also to the instructions founded upon the irrelevant proofs in relation to the supposed right. The evidence objected to should have been excluded, and the instructions founded upon it should have been refused. But the opposite course was taken. Were the defendants injured

thereby? It is not perceived how it could well have had that effect under the instruction given by the court.

At the instance of the defendants the court instructed the jury as follows: "Unless the plaintiffs show to the satisfaction of the jury that they were, on the 4th day of June, 1867, in the exclusive possession of the property in question, and that their possession was lawful; that the defendants entered into and detained the same from them, and that the entry and detainer were unlawful, they can not recover, and the verdict should be for the defendants."

This instruction covers the whole case, and is as favorable to the defendants as they had any right to demand. It virtually told the jury that, however they might find the facts bearing on the question of right, the facts recited in the instruction must also be found to exist, or the plaintiffs could not recover. To the same effect, in substance, was one of the instructions given on behalf of the plaintiffs. But the court did not stop there. It further instructed "that unless the plaintiffs showed by evidence, to the satisfaction of the jury, that the defendants, at the time of the institution of the suit, were in the actual, exclusive, adverse possession of the property in question, they could not recover, and the jury should find for the defendants." But the jury found for the plaintiffs, and must, therefore, have found that the plaintiffs, on the fourth day of June, 1867, were in the peaceable and exclusive possession of the premises sued for; that the defendants forcibly entered and took possession of the property, and kept and detained it from the plaintiffs; and further, that the defendants, on the day this suit was brought, were then in the "actual, adverse and exclusive possession" of the same premises. Unless the jury wholly disregarded the directions of the court on this subject—and that is not suggested—the facts above recited must have been found by them; and so all the facts necessary as a condition to the plaintiff's recovery. The instructions quoted went to the outmost verge of the law in favor of the defendants, and put the case before the jury in terms too clear and positive to admit of their being misunderstood.

The whole embarrassment of the case arises from the fact that

the plaintiffs tried their cause upon a false theory, whereby they took upon themselves the labor of showing facts foreign to the issues — namely, the facts establishing their *right* of possession. The evidence and instructions excepted to were directed to that point. But as the jury, under the instructions of the court taken as a whole, must have found for the plaintiffs on each branch of the case as presented in the instructions, it is not perceived that the defendants could possibly have been injured by the errors complained of. The judgment of the Circuit Court will therefore be affirmed, and that of the District Court reversed. The other judges concur.