———o———

### The Merchants' Bank of St. Louis, Respondent, vs. Thomas Clavin, Appellant.

1. *Landlord and tenant—Cutting timber from wild lands, vested as part of farm —What possession shown by.*—Where lessees of a farm embracing wild lands, under the terms of their lease—authorizing them to cut timber from any part thereof—do in fact fell and remove timber from portions of the wild land, such acts are circumstances going to show possession of the whole tract.

2. *Landlord and tenant—Attornment to stranger.*—A deed from a tenant to a third party, without the consent of the landlord, can have no effect in depriving the lessor of his possession.

3. *Landlord and tenant—Person holding under tenant—Adverse title.*—One holding under a lessee cannot set up a title adverse to that of the original lessor.

4. *Military bounty land—Entry upon must be made, when.*—An entry upon military bounty land, to be valid and effectual, must be made within two years after the taking of adverse possession. (Bradley vs. West, *ante* p. 33.)

### Appeal from Chariton Circuit Court.

*Chas. A. Winslow*, for Appellant.

*L. H. Waters, with Kinley & Kinley*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action for an unlawful detainer to recover the possession of a quarter section of land. The cause was taken by *certiorari* to the Circuit Court, and tried before the judge without the intervention of a jury. The court found the defendant guilty of an unlawful detainer, and rendered judgment accordingly.

At the trial, the plaintiff, for the purpose of showing the extent of its claim, introduced in evidence a deed from A. C. Johnson and wife to plaintiff, for several tracts of land, including the quarter section in controversy. It further put in evidence a lease from it to George and William Clavin and one Riley, for the premises known as the Johnson farm, for the year 1867, to end on the first of March, 1868.

It was admitted that the lessees, George and William Clavin, had rented and occupied the Johnson farm for the years 1864, 1865 and 1866, as the plaintiff's tenants.

W. C. Applegate was then introduced, who testified that the Johnson farm consisted of seven hundred and twenty-six acres of various adjoining tracts, and that the land involved in this suit was one of the tracts; that there was a field in this tract, but that the house was half a mile from it, and that the tenants had the privilege of getting fuel, rail timber, etc., off from it, and that they occupied the farm under the lease read in evidence.

Evidence was further given, to show that during the time defendants occupied the Johnson farm as plaintiff's tenants, an agent of the plaintiff gave them permission to remove the rails from the land in controversy for their accommodation, but with no intention of abandoning the possession of the land.

The plaintiff then read a deed from one Gaines to George and William Clavin, dated March 14, 1867, for the land in

dispute, and also a deed from George and William Clavin to Thomas Clavin, dated August 3d, 1867, for the same land.

For the defendant, testimony was introduced tending to show that when defendants rented the Johnson farm there was some fencing on the land in controversy, and that by permission of plaintiff's agent the rails were taken to repair the fences in another part of the farm; that no timber was used on the land, because there was timber nearer; that the rent was computed upon the improved part of the farm; that when George and William Clavin bought the land of Gaines they bought it for Thomas Clavin, and took the deed in their own name to secure them for the money advanced to pay for it; that Thomas Clavin went into possession about July or August 1867, and that he came to live with them in 1866, and worked for them, and knew they were renting from plaintiff, and knew that there had been a field on the land in question, and that George and William Clavin had raised a crop upon it.

It appears that George and William Clavin relinquished their interest in the premises, if they had any, before the termination of their lease, and that from that time forth Thomas continued to occupy them after the lease was terminated, up to the commencement of this suit.

As no person was in possession when the case was tried but Thomas Clavin, the verdict and judgment was against him only. The holding over after the time for which the demised premises were let, created simply a tenancy at will, as there does not appear to have been any permission for the continuance of the occupancy, and there was no express or implied consent for the same.

It is very plain, under the instructions given, that the court must have found that the land in controversy was a part of what was known as the Johnson farm, and that defendants, George and William Clavin, were in possession of the same under their contract of lease.

But it is contended that there was no evidence to warrant this conclusion. We are of a contrary opinion. The lease

36—VOL. LX.

gave them authority to cut fuel and take timber from any of the land. They did at one time raise a crop on it, and they used the rails from it. These were all circumstances from which the court might deduce or infer the fact that the tenants were in the same possession that tenants usually are, when they rent a farm and have the privilege of using the wild land. The possession of the whole is included. There is certainly not such a want of testimony as would authorize us to disturb the verdict.

The deed from George and William Clavin, whilst they were plaintiff's tenants, to Thomas Clavin, had no effect in depriving plaintiff of its possession. Except in the cases mentioned in the statute (Wagn. Stat., 880, § 15), an attornment to a stranger is void, and does not affect the possession of the landlord. (Rutherford vs. Ulman, 42 Mo., 216.) Thomas Clavin went-in under the tenants, and he cannot set up a title adverse to their lessor in this action.

The question that has been brought to our notice in reference to the premises being military land, and that defendant had held it for two years, will not be considered in this case. (Bradley vs. West, *ante* p. 33.)

The judgment should be affirmed; the other judges concur.