E. W. PIERCE, Defendant in Error, v. A. T. ROLLINS, Plaintiff in Error.

Kansas City Court of Appeals, January 28, 1895.

1. **Landlord and Tenant:** ATTORNMENT: COMMON LAW. By the common law, attornment was necessary to give the assignee of the reversion a remedy against the tenant, and an expressed or an implied promise to pay rent, or the payment of rent, was sufficient evidence thereof.

2. ———: ———: STRANGER. A tenant can not deny his landlord's title nor attorn to a stranger.

3. ———: ———: STATUTE: PURCHASER: TRUSTEE'S SALE. A trustee's deed under a deed of trust which will authorize a tenant to attorn to the purchaser at the trustee's sale as provided in section 6373, Revised Statutes, 1889, is such a deed and sale as will put the purchaser in privity with the landlord's title.

4. ———: SALE UNDER DEED OF TRUST: ADVERSE TITLE: STATUTE: A title derived by N. from Q., through Q.'s deed of trust, is adverse to a title derived by P. from Q.; and an attornment of P.'s tenant to N.'s grantee is attornment to a stranger and not within the saving clause of the statute.

5. **Forcible Entry and Detainer:** ATTORNMENT TO A STRANGER: TITLE. In an action by a landlord against a tenant for unlawful detainer, the tenant can not show a title derived by deeds from his landlord's grantor. The statute forbids the merits of the title to be inquired into in an action of unlawful detainer; and the offer of such deeds in evidence is properly refused.

6. **Title:** IMPROVEMENTS: STATUTE: NOTICE. Constructive notice implied from the registry of an instrument affecting the title to real estate, does not preclude a recovery for improvements made in good faith, but there must be actual notice of the adverse title.

VOL. 60—32

7. **Landlord and Tenant**: TRUSTEE'S SALE: COURT DECREE. Plaintiff filed a petition enjoining a sale under a deed of trust, which was by the court denied. Thereafter the sale took place and the defendant, her tenant, attorned to the purchaser. *Held*, that the sale was under the deed of trust and not pursuant to, or in consequence of the decree in equity within the meaning of section 6373; and such attornment can not avail defendant in plaintiff's action for unlawful detainer.

*Error to the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Slavens, Spottswood & Jamison* for plaintiff in error.

(1) The first assignment of error is that the court erred in refusing to admit in evidence the deed of trust and trustee's deed. While a tenant can not be permitted, in the absence of eviction or its equivalent, to deny the validity of the title under which his landlord puts him in possession, he can always show that the title has expired or passed to himself or into other hands, and that he is holding in his own right or under the new owner. *Higgins v. Turner*, 61 Mo. 249; *Chaffin v. Brockmeyer*, 33 Mo. App. 92–97; *Mier v. Thiemann*, 15 Mo. App. 307; *Gunn v. Sinclair*, 52 Mo. 327; *Kingman v. Abington*, 56 Mo. 46; *Tilghmann v. Little*, 13 Ill. 239; *Ryder v. Mansell*, 66 Me. 167–170; *Lamson v. Clarkson*, 113 Mass. 348; *Simers v. Saltus*, 3 Den. 214; *Howell v. Ashmore*, 22 N. J. L. (Zabriskie), 261–265; *Elliott v. Smith*, 23 Pa. St. 131; *Weichselbaum v. Curlett*, 20 Kan. 710. (2) In unlawful detainer defendant has the right to show the nature of plaintiff's possessory right, and that such possessory right of his has passed either to the defendant himself, or to someone else under whom he now claims, and consequently that he is not guilty of *unlawfully* holding over. *Dudley v. Lee*, 39 Ill. 339; *McGhee v. Grady*,

12 Lea (Tenn.), 89; *Settle v. Settle*, 10 Hump. 504; *Gillett v. Matthews*, 45 Mo. 307; *Hunter v. Simrall*, 5 Litt. (Ky.) 62; *McCain v. Hill*, 2 Ired. Esq., 176; *Potts v. Cogdell*, 1 Des. 454; *Gunn v. Sinclair*, 52 Mo. 327, *supra; Kingman v. Abington*, 56 Mo. 47, *supra; May v. Luckett*, 54 Mo. 438, 439; *Pentz v. Kuster*, 41 Mo. 446, 450; *Bowser v. Bowser*, 8 Hump. (Tenn.) 23. (3) The defendant was entitled to show that plaintiff's title had passed to his new lessors, either by conveyance or by operation of law; either by the voluntary act of the plaintiff, or by proceedings *in invitum;* either by her own deed, or by judgment against her, or by a tax sale or a sale under deed of trust. *Gunn v. Sinclair, supra; Kingman v. Abington, supra; Higgins v. Turner, supra; Bowser v. Bowser, supra; Simers v. Saltus, supra.* Our statute permitting a tenant to attorn to a stranger, where the attornment is made pursuant to or in consequence of a sale under execution or *deed of trust,* puts a sale under a deed of trust on an exact par with a sale under execution. R. S. 1889, sec. 6373. And it is well settled that a tenant may attorn to a purchaser at an execution sale. *Gunn v. Sinclair, supra; Higgins v. Turner, supra; Bowser v. Bowser, supra.* (4) It was the common law that a tenant might take refuge by attornment, under a title other than his landlord's, whenever he was threatened with eviction by the holder of such other title, and the landlord's title was insufficient to protect the tenant in his possession. *Simers v. Saltus, supra;* Bigelow on Estoppel [4 Ed.], pp. 463, 465, and authorities cited.

*Meservey, Pierce & German* for defendant in error.

(1) At common law no rule is better settled than that a tenant in possession of real estate can not attorn

to a stranger without the consent of his landlord. In Missouri the question is governed by section 6373 of the Revised Statutes of 1889. *Tilghmann v. Little*, 13 Ill. 239; *Souders v. Vansickle*, 8 N. J. L., (3 Halstead) 313; *McKircher v. Hawley*, 16 Johnson, 289; *Pentz v. Kuester*, 41 Mo. 447. (2) A tenant can not be permitted to assert a title inconsistent with that of his landlord. *Towne v. Butterfield*, 97 Mass. 105; *O'Donnell v. McIntyre*, 37 Hun, 623; *O'Donnell v. McIntyre*, 118 N. Y. 156; *Shultz v. Arnot*, 33 Mo. 172. "The title which the landlord claims is the title which the tenant acknowledges, whether that claim be well or ill founded." *Syme v. Saunders*, 4 Strobhart (S. C.) 196; *Stagg v. Eureka*, 56 Mo. 317; *Holden v. Wann*, 43 Mo. App. 640; *Krankz v. Nichols*, 6 Mo. App. 72. (3) If we are right in our proposition that the title acquired by the deed of trust and sale under it are adverse or paramount to landlord's title, then an attempt to offer evidence tending to prove it is necessarily an attempt to inquire into the merits of the landlord's title, which can not be done in a suit for unlawful detainer. R. S. 1889, sec. 5111. *Gooch v. Hollan*, 30 Mo. App. 450; *Kelly v. Clancy*, 15 Mo. App. 519. (4) As an additional reason for sustaining the position of the lower court, we will call the court's attention to the hardship that would be inflicted on the plaintiff by a different ruling, and on the landlord in every similar · case. R. S. 1889, sec. 4645 and 4646. *Sims v. Kelsey*, 75 Mo. 68; *Malone v. Streicher*, 69 Mo. 25; *Stump v. Hornbeck*, 15 Mo. App. 367.

SMITH, P. J.—This case, as to its salient facts, is quite complex, but is simple enough as to the governing legal principles by which the rights of the parties in respect to the subject-matter thereof are to be determined. It indisputably appears from the record

before us that in August, 1887, one Quimby entered
into a contract with the plaintiff whereby he agreed to
convey her the title in fee to a certain lot in the city of
Westport; that afterward, about the first of March,
1888, the said Quimby put plaintiff in possession of
said lot who thereupon proceeded to erect a dwelling
house thereon; that, still afterward, on the eleventh
day of April, 1888, the said Quimby, by his deed of that
date, undertook to convey to plaintiff the title in fee
simple absolute to said lot; that on June 20, 1892, the
plaintiff by written lease rented the house plaintiff had
erected on said lot to defendant for the term of six
months; that defendant paid the rent of the first
two months; that he occupied the plaintiff's house under
the lease but failed and refused to make further pay-
ments, though he continued his occupancy. It further
appears that on March 29, 1888, Quimby executed
a deed of trust conveying said lot to one Rogers,
trustee, to secure the payment of $1,000 due Northup
and Pitt; that subsequently, on August 10, 1891,
the said trustee sold said lot under said deed of
trust, at which sale Northup and Pitt became the pur-
chasers, receiving a trustee's deed therefor. Afterward,
on September 8, 1892, the said Northup and Pitt, under
a lease for four months, rented said lot to the defendant
while the latter was still in possession under the lease
from plaintiff. The defendant paid some rent to
Northup and Pitt after he took a lease from them. It
further appears that the plaintiff, when she received the
deed from Quimby, was not aware that he had previously
encumbered said lot with the lien of the deed of trust
already referred to. The deed of trust was filed for
record some four days before plaintiff received her
deed. The plaintiff, after proper demand made in
writing for the delivery of the premises, brought her

suit under the statute in relation to unlawful detainer, before a justice of the peace to recover the possession, etc. There was a trial in the circuit court where plaintiff had judgment, to reverse which defendant has appealed.

The decisive question in the case which is presented for our determination arises out of the action of the trial court in the giving of an instruction for the plaintiff which, in effect, told the jury that, if they believed that for a long time prior to June 20, 1892, the plaintiff was in the lawful and peaceable possession of the premises described in the complaint and that plaintiff on said day leased such premises to defendant for a period of six months and placed him in possession thereof and afterwards, on or about August, 11, 1892, defendant commenced paying rent for said premises to Northup and Pitt and had since remained, refusing to pay to plaintiff or to deliver up to her the premises, then she was guilty of unlawful detainer, unless they further believed that plaintiff either consented to the attornment of the defendant to Northup and Pitt, or, unless the latter obtained title pursuant to, or in consequence of, a sale under a deed of trust executed by plaintiff or someone who derived title through her.

The doctrine of attornment grew out of the peculiar relations of landlord and tenant under the feudal law. By the common law, attornment was necessary to give an assignee of the reversion a remedy against the tenant. *Sheets v. Selden*, 2 Wall. 177. An attornment is a recognition of an existing lease by a new landlord. *Lindly v. Dakin*, 13 Ind. 388; *Austin v. Ahearne*, 61 N. Y. 6. An expressed or implied promise to pay rent, or the payment of rent, as such, is sufficient evidence of an attornment. *Fisher v. Deering*, 60 Ill. 114.

The rule is elemental that a tenant can not deny

his landlord's title nor attorn to a stranger. He must maintain fealty to his landlord, and his possession is always to be regarded as that of his landlord. When in possession under one title he can make no valid attornment to any one not in privity with that title. Taylor's Land. and Tenant, sec. 180; Woods' Landlord and Tenant, sec. 569; *O'Halloran v. Fitzgerald*, 71 Ill. 53.

And our statute—section 6373—expressly declares that the attornment of a tenant to a stranger shall be void and shall not in anywise affect the possession of his landlord, unless it is made, *first*, with the consent of the landlord, or, *second*, pursuant to or in consequence of a judgment at law, or a decree in equity, or a sale under execution or deed of trust, or, *third*, to a mortgagee after the mortgage has been forfeited. It is further provided in our statute concerning uses and trusts, section 3948—that the attornment of a tenant to a stranger shall be void, unless it be with the consent of the landlord of such tenant, or pursuant to, or in consequence of, the judgment of a court of law, or the order or decree of a court of equity. Recurring to the provisions of section 6373, previously quoted, and it will be observed that one of the exceptions contained in the saving clause of that section is where there has been "a sale under a deed of trust."

The contention of the plaintiff is that this case is not within the saving clause of either of the statutes referred to, because the deed of trust under which Northup and Pitt claim title was not executed by the plaintiff, or anyone for her, but by Quimby before the date of his deed to plaintiff. Involved in this contention is a question of statutory construction. Plaintiff claims title under a deed directly from Quimby, while Northup and Pitt claim to have acquired title under a deed of trust executed by Quimby long before the date of plaintiff's deed, so that, while both titles emanated

from Quimby, they are independent and adverse. Northup and Pitt are in no sense in privity with the title of the plaintiff. In *Donkle v. Kohn*, 44 Georgia, 266, it was said that, at common law, a tenant can not attorn to one holding title adversely to his landlord. And in *Smith v. Granberry*, 39 Georgia, 381, it was further said that, when one is in adverse possession of land against the true owner, and rents it to a tenant avowedly in his character of adverse holder, the tenant can not attorn to the true owner or deny the adverse possession of his landlord. In *Bertram v. Cook*, 32 Mich. 518, it is ruled that one having obtained possession as tenant can do no act inconsistent with, or which would change the relation existing between himself and his landlord without yielding and delivering up the possession of the premises which he acquired from him. The landlord has the right to rely upon the relation as a protection. To permit the tenant to do otherwise would be but holding out inducements to him to take advantage of his position for his own benefit and to the injury of the landlord. The law holds all such agreements as being contrary to public policy and void. In *Kluth v. Faulk*, 55 Iowa, 260, it was declared to be well settled that, if the tenant enters under his lease and continues to occupy without what would be tantamount to an eviction, he can not, in an action to recover rent, show either that his lessor had no title when he made the lease, or that his title has determined since then. And that it make no difference if the lessee rented of a person holding the legal title, since it was the duty of the lessee to pay the rent to his lessor whether the latter owned the legal title or not. The principle applicable to such cases rests for its support upon the doctrine of estoppel.

In *Tilghmann v. Little*, 13 Ill. 239, it was held that, if the possession was obtained from plaintiff,

defendant must first restore the possession to the party from whom he received it before he could question the title, for the reason that the evidence did not show that the plaintiff's title had expired. The judgment was against one Stanton, and the premises were sold as his property. It was not a purchase under a judgment against plaintiff. In *Souders v. Vansickle*, 8 N. J. Law (3 Halstead), 313, the prior owner mortgaged the premises to Samuel and Joseph Drake. Subsequently, he sold to Maxwell, who leased the premises to Souders. Maxwell's interest was sold to Vansickle, and Garrison and Souders attorned to them and agreed to pay them a stipulated rent. Afterwards the mortgage was foreclosed by Samuel and Joseph Drake, and Souders, the tenant, attorned to them without the consent of Vansickle and Garrison, the owners of the equity of redemption, to whom he had previously attorned. It was held in a suit of Vansickle and Garrison against Souders, that evidence of the mortgage and the attornment to the mortgagees under the mortgage executed by a prior owner was inadmissible and the attornment void. In *Higgins v. Turner*, 61 Mo. 248, it is stated: "A judgment against the lessor is the same thing as if he had granted by deed. It is, to be sure, acquiring title indirectly, and by operation of law from the lessor; but it comes through his act and consent or neglect, and is, therefore, the same in legal effect as if he had granted or devised the reversion."

In the light of the foregoing authorities, it seems to us that what is meant by the words of the saving clause in section 6373, already quoted, is a sale under a deed of trust by which the purchaser is placed in privity with the landlord's title. Or which is the same thing, the deed of trust must have been executed by the landlord, so that a sale thereunder extinguishes his title, and, consequently, that of his tenant. This con-

struction, we think, will be aided by a further reference to other provisions of the statute. Section 6397 provides that, if anyone purchase lands occupied at the time by a tenant who shall thereafter fail to pay rent to such purchaser, the latter shall have the right to sue before a justice of the peace for the recovery of the possession. Section 6398 provides that, before such suit shall be commenced, the purchaser shall make demand of the tenant of the rent and at the same time exhibit to him the deed under which he claims. Section 6373 provides what shall be stated in the complaint, and that, if upon the trial the plaintiff show that the party in possession rented or leased from a party claiming title to the premises by deed, and that the plaintiff has acquired the title of the original lessor by a deed or deeds regularly acknowledged, he shall be entitled to recover possession.

It is thus made clear that a derivative title will not support an action for the recovery of possession against an occupying tenant under one claiming title to the premises, unless the plaintiff has acquired that title by deed. It inevitably follows from this that, when the occupying tenant refuses to pay rent to the original lessor and attorns to one who has not by deed acquired the title of his lessor, though he may have acquired the fee to the premises, such attornment is void and affords him no protection in an action by the original lessor against him for the recovery of the possession. The sale and purchase under a deed of trust will not justify the occupying tenant in attorning to the purchaser, unless the sale be tantamount to an eviction. An eviction by one having a title paramount to that of the lessor under whom the tenant was let in possession discharges the rent. But a sale under a deed of trust must pass the title of the landlord to the purchaser. It must extinguish his title, for, unless it does so, it is not

tantamount to an eviction and does not authorize the occupying tenant to attorn to the purchaser. If the title acquired be not that of the lessor, but is adverse to it, as is the cause here, then by the acquisition of such title the relation of landlord and tenant, as respects the possession is not in anywise thereby disturbed.

The title derived by Northup and Pitt under the Quimby deed of trust was adverse to that of the plaintiff, so that the attornment by the defendant to them was not a case within the saving clause of the statute and was therefore void.

But there is still another reason why the defendant's construction of the statute can not be sustained. The statute forbids the merits of the title to be inquired into in an action for unlawful detainer, though evidence or proof of rights under derivative titles is admissible. R. S., secs. 5111, 5123. In such actions the matter of possession can only be litigated. In this case there is evidence tending to show that the plaintiff in ignorance of the existence of the deed of trust and in good faith made lasting and valuable improvements on the premises in dispute. Now, it is likely true that, if such be the fact, in case an appropriate action were brought against her by the holder of the adverse paramount title and that on the strength of that title a judgment were recovered against her for the possession, the court rendering such judgment, would allow her to recover the reasonable value of her improvements, before requiring her to deliver possession. To turn her out of possession in this action would be to deny her the right to recover for such improvements. This concession is necessarily involved in the defendant's contention, to uphold which might result in the grossest injustice to plaintiff. A construction of the statute under which such a result is probable can not be countenanced. It follows from these considera-

tions that the instruction given for plaintiff was proper.

It is not perceived that the trial court erred in rejecting the defendant's offers of evidence. It is true that such evidence tended to show that the title of Northup and Pitt, to whom defendant attorned, was paramount to that of the plaintiff. But it also showed that it was adverse to that of the plaintiff. It was not shown that this title was consistent with that of plaintiff or that the holders, by its acquisition, were placed in privity with that of the plaintiff. The rejected evidence in no way tended to show that Northup and Pitt had acquired the plaintiff's title by purchase, directly or indirectly, from him, or that his title had expired or run out, but, instead thereof, did tend to prove that the adverse paramount title had its inception in the Quimby deed of trust long anterior to the execution and delivery of the deed under which plaintiff claims title and, therefore, according to the views of the law already by us sufficiently expressed, such offers of evidence were properly rejected.

The judgment will be affirmed. All concur.

### ON MOTION FOR REHEARING.

SMITH, P. J.—Our statute, sections 4645, 4646, provides that, when there shall be a judgment of dispossession given in an action for the recovery of the possession of real estate, in favor of a person having a better title thereto against the person in possession, such person may recover compensation for the improvements, provided he entered into the possession believing he had good title and made the improvements in good faith under the belief that he had good title. It has been held that the constructive notice implied from the registry of an instrument affecting the title to real estate does not preclude a recovery under the

statute just referred to for improvements made in good faith. *Hill v. Tessier*, 15 Mo. App. 299; *Stump v. Hornbeck*, 15 Mo. App. 367; s. c., 94 Mo. 26; *Henderson v. Langley*, 76 Mo. 226. To bar an occupying claimant's right to compensation for improvements, actual notice of the adverse title is necessary. *Dothage v. Stuart*, 35 Mo. 251; *Russell v. DeFrance*, 39 Mo. 506.

The North Carolina cases of *Wharton v. Moore*, 84 N. C. 479, and *Parker v. Banks*, 79 N. C. 480, are not in point, for the reason that section 481 of the act of 1871–2 of that state expressly provided that the right of an innocent defendant to recover for improvements shall not apply to any suit brought by a mortgagee against the mortgagor to recover the mortgaged premises. No such exception, as it seems, is to be found in our statute. The ruling in the cases in this state which we have cited is conclusive in us, and, if a different rule prevails in other jurisdictions, as the plaintiffs contend is shown by their citations, we can not follow it.

The trustee's deed does not show that plaintiff gave the bond authorized by section 7079, as is stated by defendant's counsel. It does not appear whether the grantor in the deed of trust, or his assigns, gave such bond. It may have been one or the other. The recitals in the trustee's deed, if admissible, do not show that the plaintiff gave the statutory bond referred to, nor can this fact be fairly inferred from the recitals. Nor do they establish any new relation between plaintiff and Northup and Pitt. If, as is virtually conceded, plaintiff held adversely to Northup and Pitt, prior to the decree in the suit for the injunction, she so continued thereafter, for it nowhere appears that plaintiff recognized the title of the latter by giving the bond. Hence it follows that the argument built upon this erroneous assumption is without force.

The defendant is in error in supposing, as he does, that no heed was given in the opinion to *Chaffin v. Brockmeyer*, 33 Mo. App. 92. A closer scrutiny will reveal the fact that it expressly recognizes the rule asserted in that case. If the deed from Quimby to plaintiff purported to convey to the latter only the equity of redemption of the former, instead of an indefeasible title in fee, or if Northup and Pitt had purchased under a decree of foreclosure of their deed of trust, to which plaintiff was a party, it is likely the defendant's case would come within the rule announced in 33 Mo. App. *supra;* but since the title of Northup and Pitt is adverse to that of the plaintiff, that rule is inapplicable. Northup and Pitt are not in privity with the title of the plaintiff. For this reason, the attornment of defendant to them was void.

Suppose defendant had refused to attorn to Northup and Pitt, and they had sued him for the recovery of the possession before a justice of the peace, having first exhibted to him the deed under which they claim, could they have recovered? Clearly not, and for the reason that the statute requires that, upon a trial in such case, the plaintiffs must show that the party in possession leased from a party claiming title to the premises by deed, and that the plaintiff *has acquired the title of the original lessor by deed or deeds regularly acknowledged.* R. S., secs. 6397, 6398, 6399. Neither the deed of trust nor the trustee's deed to Northup and Pitt show that they have acquired the title of the plaintiff. These deeds do not place Northup and Pitt in privity with the title of the plaintiff and consequently such action would have failed.

Would they be in any better situation if the defendant, who is the plaintiff's tenant, should attorn to them? It must inevitably follow that they would **not.** If they could not recover on their title, certainly

the defendant, by his attornment to them, could not interpose as a defense against the demand of the original lessor, that title upon which they themselves could not recover before a justice of the peace.

It is true the plaintiff and Northup and Pitt each deduce their title from Quimby—a common source; but, since such titles are independent and adverse, it is not within the jurisdiction of a justice, nor of this court, to inquire into their merits. R. S., sec. 5111; Const. Mo. sec. 12, art. 6.

We can not sustain the contention that the trustee's sale was made pursuant to, or in consequence of, a decree in equity, as provided in section 6373, Revised Statutes. The record offered shows no more than that plaintiff filed a petition praying that Northup and Pitt be enjoined from making sale of the lot in dispute, under their deed of trust, which was by the court denied; but we are not of the opinion that the subsequent sale, under the deed of trust, was pursuant to, or in consequence of, a decree in equity, within the meaning of the statute. The court did not order the sale, nor was it made in pursuance of any order. Whether the decree dismissing the petition would estop plaintiff from setting up the matters embraced within the issues upon which it is based, in an appropriate action to try title, or to recover the value of the improvements, is a question that does not arise in this case.

Whether plaintiff went into possession in ignorance of the deed of trust is unimportant in the determination of the decisive questions in this case, and hence the erroneous statement of that fact by us harms no one. The motion is overruled.