PRICE J. BERRY, Respondent, v. MRS. R. A. FORTNEY et al., Appellants.

**Kansas City Court of Appeals, October 30, 1899.**

1. **Forcible Entry and Detainer:** TITLE: IDENTITY: In an action of forcible entry and detainer, the title, and therefore adverse possession, of either party can not be brought in question; and, on the facts in this case, the question was one of identity.

2. ———: IDENTITY: DESCRIPTION: JUDGMENT: EXECUTION. In an action of forcible entry and detainer, the recovery, if any, must be of the land which has been identified in the complaint, and the officer could only put the plaintiff in possession of the land described in the judgment.

Appeal from the Boone Circuit Court.—*Hon. J. A. Hockaday,* Judge.

REVERSED.

*Webster Gordon* for appellants.

(1) The finding of facts and conclusions of law are unsupported by the evidence and constitute reversible error.

(2) There can be no recovery in an action of forcible entry and detainer of premises not described in the complaint. R. S. 1889, secs. 5092, 5117; Lamme v. Buse, 70 Mo. 463. (3) The complaint in this case is in writing which is a compliance with the statute in that respect, but it does not describe the land sought to be recovered; in that particular it does not comply with the statute. R. S. 1889, secs. 5092, 5102; Loan v. Smith, 76 Mo. App. 510; DeGraw v. Prior, 53 Mo. 313; Armstrong v. Hendrick, 67 Mo. 542.

*Gillespy & Stephens* for respondent.

(1) So far as the question of title is concerned, that is not involved in this action, as the court very-properly declared in his special finding and judgment and upon which theory the case was tried. It was not the province of the trial court, nor is it of this court, to determine and establish for either or both parties, respondent and appellant, the true line between said two forties; that question would have to be determined by an entirely different proceeding. (2) It was upon this theory, as the evidence and rulings of the court show, that the court tried the case and upon hearing all the testimony found for the respondent. For reference as to the issues involved in this action, I merely make such references as are quite familiar to this court from whence the law has been reflected. Tuttle v. Davis, 48 Mo. App. 9; Meriwether v. Howe, 48 Mo. App. 148; Scott v. Allenbaugh, 50 Mo. App. 130; District v. Holmes, 53 Mo. App. 487; Oakes v. Aldridge, 46 Mo. App. 11; Wylie v. Waddell, 52 Mo. App. 226; Michan v. Walsh, 6 Mo. 347; May v. Luckett, 48 Mo. 472. (3) As shown by the testimony of respondent and the testimony of appellant, Mrs. Fortney, appellants forcibly against the will and consent of respondent entered upon respondent's premises then in his possession, where he was cultivating a crop, and built a fence thereupon, both appel-

lants having been told by respondent not to do so, and a written notice not to build the fence was put up by him. (4)   The appellants had a remedy, if respondent was in possession of her lands, by ejection, but they seem to have preferred to take the law in their own hands against the avowed will and consent of respondent and did so as all the evidence shows.

SMITH, P. J.—Action of forcible entry and detainer. There was a trial by the court without the intervention of a jury.   There was a special finding of facts followed by a statement of the conclusions of law deduced therefrom. The plaintiff had judgment and the defendants appealed.   There appears to be no serious conflict in the evidence.   The defendants' contention here is, that the evidence does not support the special finding.

It is disclosed that the plaintiff and the defendant, Mrs. R. A. Fortney, are brother and sister, and that eight or ten years before the institution of this action, by the partition of their father's real estate, the plaintiff acquired the title to the southwest quarter of the northwest quarter of section 36, township 48, range 13—which is the land described in the plaintiff's complaint—and the defendant acquired that to the northwest quarter of the southwest quarter in said section, township and range.   A reference to the following map, which, in the main, is in accord with the evidence, will facilitate a correct understanding of the allusions we shall presently make:

W. B. Cauthorne, Sur. Boone Co.

For about forty years a worm fence had stood on the line D E. The line A B is that running east and west and dividing the lands of plaintiff and defendant, hereinbefore described. The irregular strip bounded on the north by the line A B, on the east by that of B E, on the south by that of E D, and on the west by that of D A, describes the land actually in dispute. This strip had for many years been in the peaceable possession of the plaintiff and inclosed by the same fence that inclosed the lands described in his complaint. The evidence tends to show that a few days prior to the institution of this action, the defendants threw down the old fence D E and erected a wire fence from A to B and thereby excluded

said strip from the plaintiff's inclosure and included it within their own.

If the strip, the right to the possession of which is in dispute, is a part of the quarter quarter section described in the complaint, then it is clear from all the evidence that the defendants were guilty in manner and form as charged in the complaint.    Whether the possession of the plaintiff was of that continuous uninterrupted adverse character as to give him title is a question that does not arise in this action.    But the question, whether or not the strip in dispute is any part of that described in the complaint, does arise.    The statute— section 5092—requires that in actions of this kind the complaint shall specify the lands, tenements or other posses· sions forcibly entered and detained.    The question here is not that of title, as the learned trial court appears to have supposed, but of identity.

The county surveyor testified that he made a survey of the land both of the plaintiff and defendants, and that the dividing line between the same from east to west is that shown on the plat to be from A to C and that the land in dispute is south of that line and is not therefore included in the limits of the quarter quarter section described in the complaint. The testimony of this officer, we think, was perfectly competent to establish the boundaries and location of the lands to which it relates.    It is now very well settled in this state that in an action like this the recovery must be of land which may be identified in the complaint.    Lamme v. Buse, 70 Mo. 463; Thiemann v. Meier, 25 Mo. App. 306.    An officer armed with an execution issued on the judgment in this case could do no more than put the plaintiff in possession of the land described in the judgment, which is the same as that in the complaint. And since the strip of land shown by the evidence to have been forcibly entered and detained by the defendants is not embraced in the boundary lines of that described in the judgment, the officer could not dispossess the defendants without

wrongfully transcending the authority conferred by the writ. It is undeniably true that the law required the recovery of the plaintiff to be limited to the land specified in his complaint. Lamme v. Buse, *supra*. None other could be recovered by him.

The evidence utterly fails to show that the defendants forcibly entered and detained the land described in the complaint, or any part thereof; and therefore the special finding of the court and the conclusion of law deduced therefrom can not be upheld. The judgment must accordingly be reversed. All concur.