## WILLIAM M. REDMAN, Appellant, v. JOHN PERKINS, Respondent.

### Kansas City Court of Appeals, November 5, 1906.

1. **FORCIBLE ENTRY AND DETAINER: Statutory Construction: Breach of Peace: Right: Title.** The main object of the statute of forcible entry and detainer is to preserve the peace by preventing those not in possession from resorting to force, threats or intimidation of any kind to gain possession from the one in actual enjoyment thereof and the matter of a better right or title is not in question in such proceedings.

2. ————: ————: ————: ————. Neither in unlawful detainer nor in forcible entry and detainer can the object of the statute be thwarted by permitting a party to justify his aggressive physical acts by showing that he did nothing more than recover possession of his own.

3. ————: Unlawful Detainer: Landlord and Tenant: Possession. The possession of the tenant is the possession of the landlord.

4. ————: ————: ————: Attornment to Stranger. An attempted attornment by a tenant to a stranger is void since the tenant cannot repudiate his landlord's title nor right of possession.

5. ————: ————: ————: ————: Evidence. On a review of the evidence it is held that the plaintiff's deal with a tenant did not break the possession of the tenant's former landlord and that such tenant and his successor, the defendant, remain the tenants of the former landlord.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

Redman v. Perkins.

*Hewitt & Hewitt* for appellant.

(1) No persons shall enter upon or into any lands, tenements or other possessions, and detain and hold the same but where entry is given by law, and then only in a peaceable manner. R. S. 1899, sec. 3319. The object of this statute is to preserve peace and prevent the use of force in the assertion of rights. Sitton v. Stapp, 62 Mo. App. 197. (2) Plaintiff had actual possession of the premises under his tenant I. E. Rhodes, though he might not have been personally present at the time his tenant abandoned the premises. May v. Lucket, 48 Mo. 472; Kingman v. Hatchett, 56 Mo. 46; Krank v. Nichols, 6 Mo. App. 72; Walser v. Graham, 45 Mo. App. 629; Walser v. Graham, 60 Mo. App. 323; Live Stock Assn. v. L. & C. Co., 138 Mo. 407. (3) The defendant, Perkins, admits that he went upon the premises, as plaintiff's tenant, Rhodes, was leaving; admits that plaintiff came about the same time and told him to keep off, and nailed up the doors and windows, but he went right in notwithstanding the warning to keep off, and when plaintiff left he kicked off the strips or stakes and took possession of the house and barn. Hammon v. Douglass, 50 Mo. 436; Wilge v. Lewis, 8 Mo. App. 339. (4) The lease from Lahrman to Rhodes, who was the tenant of plaintiff Redman, under the written lease shown, was absolutely void by reason of section 4112, Revised Statutes 1899. Frank v. Nichols, supra.

*J. C. Landis, Jr.*, and *W. M. Fitch* for respondent.

(1) Plaintiff assumes that the witness, I. E. Rhodes was his tenant; this assumption is without foundation in the evidence, I. E. Rhodes was the tenant of E. H. Lahrman, and of Lahrman's grantor and defendant Perkins was a tenant of E. H. Lahrman. (2) Plaintiff in securing the attornment of the witness I. E.

Rhodes did so through misrepresentation and fraud; plaintiff never at any time had title, or right of title in the lands sued for; he never had right of possession thereto; and he never had possession of same. Fuller v. Sweet, 30 Mich. 237, 18 Am. Rep. 122, and cases; Hall v. Benner, 1 Penr. & W. 402, 21 Am. Dec. 394; Clary v. O'Shea, 72 Minn. 105, 71 Am. St. Rep. 465; Higgins v. Turner, 61 Mo. 249; Suddardth v. Robinson, 118 Mo. 286; Farris v. Houstin, 74 Ala. 162; Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561.

JOHNSON, J.—Plaintiff sued defendant before a justice of the peace to recover possession of a farm in DeKalb county. In the complaint filed it is alleged that on and before March 1, 1905, plaintiff was in the lawful and peaceable possession of the land described and that on the date mentioned "defendant wrongfully and without force by disseizin, obtained possession of said premises and has ever since held and still holds possession thereof wrongfully and unlawfully." A trial of the cause in the circuit court on appeal resulted in a judgment for defendant and plaintiff appealed.

Plaintiff's evidence tends to show that on February 6, 1903, plaintiff claiming to be the owner of the land leased it in writing to J. E. Rhodes for the year beginning March 1, 1903. Rhodes agreed to pay as rental $25 in money and one-half of the corn grown and plaintiff "reserved one-half of the stalk field." The lease was signed by both parties. Rhodes occupied and tilled the farm during that year, paid the rent as agreed and in February, 1904, agreed orally with plaintiff to rent the farm for another year on the same terms the written lease provided for the year about to close. He continued in possession during the ensuing year and raised a crop of corn but in November, 1904, refused to give plaintiff half of the corn and stalks on the ground that Mr. Fitch, who was acting as the agent of Mr. E. H. Lahrman,

claimed the farm was owned by his principal and demanded that Rhodes recognize Lahrman as his landlord and pay to him the rent for that year. Rhodes professing unwillingness to choose between the contesting claimants placed the landlord's half of the corn in a pile and in effect forbade plaintiff to take possession of corn or stalks pending the dispute over the title. About February 25, 1905, a few days before the termination of his tenancy, Rhodes who had been living on the place moved out and defendant Perkins at the same time moved in. Plaintiff appeared while this change of possession was in progress and ordered defendant to desist but was disobeyed and defendant completed his occupation of the place and continued to hold it. Plaintiff in a few days made written demand on defendant for the possession of the premises and the demand being refused this suit followed. Plaintiff admitted that when he made the first contract with Rhodes he knew the latter was then in possession of the premises as a tenant and though he claimed he did not know whose tenant Rhodes was, he did know that the landlord of Rhodes was a stranger to the title under which plaintiff asserted his right to possession.

The evidence introduced by defendant shows this state of facts. Rhodes first acquired possession of the farm about March 1, 1902, under an oral letting made by the agent of Oliver Mills who was then in possession under claim of title. The agreement provided that Rhodes should have the place for one year beginning March 1, 1902, for which he was to pay a money rental of $140. He gave his note for this amount to Mills, entered into possession, raised a crop, paid the note as agreed and in February, 1903, agreed with the agent of Mills to rent the farm for another year and to give his note for $140 in payment of the rent for that year. Shortly after this, but before the 1st of March and while he was holding as the tenant of Mills, Rhodes

without the knowledge or consent of Mills was prevailed on by plaintiff to lease the place from him under the representation that he had bought the farm. Rhodes did not execute and deliver to Mills his note for $140 in payment of the rent for the ensuing year nor did he pay any rent to Mills for that year. Neither Mills nor his agent knew that Rhodes had entered into contract of lease with plaintiff until after the 1st of March, 1903. The agent to whom the information came told Rhodes at the time that the land belonged to his principal and not to plaintiff and withheld his consent to any change in the tenancy.

In February, 1904, Lahrman, the grantee of Mills, without the knowledge or consent of plaintiff leased the farm to Rhodes in writing for the year beginning March 1, 1904, for a rent of one-half the crops to be grown and in January, 1905, Lahrman leased the farm to the defendant Perkins who succeeded to the possession of Rhodes in the following month.

This action is prosecuted under the provision of section 3321, Revised Statutes 1899, that "when any person wrongfully and without force by disseizin, shall obtain and continue in possession of any lands, tenements or other possessions and after demand made in writing for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer." The main object of the enactment comprised in the chapter of the statute relating to Forcible Entry and Detainer is to preserve the peace by preventing those not in the actual possession of real property from resorting to physical force or threats or intimidation of any kind to gain possession of the property from the one in the actual enjoyment thereof. It matters not that the claimant out of possession may have the better right to immediate possession if his title or right are not recog-

nized by the one in possession, he must not attempt to enforce his claim by the strong hand but must seek redress in the courts and if through force of whatever nature he succeeds in ousting his adversary from possession, an action of forcible entry and detainer will lie against him no matter how strong may be his title or his right to possession. All that needs be shown in such action to sustain plaintiff's right to restitution is that plaintiff was in the actual possession of the property and was forcibly dispossessed by defendant. [Beeler v. Cardwell, 33 Mo. 84; Dennison v. Smith, 26 Mo. 487; Sitton v. Sapp, 62 Mo. App. 203; Van Eman v. Walker, et al., 47 Mo. 169; Silvey v. Summer, 61 Mo. 253; Pierce v. Rollins, 60 Mo. App. 497; Berry v. Fortney, 81 Mo. App. 284; Van Stewart v. Miles, 105 Mo. App. 242; Graham v. Conway, 91 Mo. App. 391; Rosenberger v. Railway, 96 Mo. App. 504; Tolbert v. Hendrick, 77 Mo. App. 272; St. Louis, etc., v. Reinecke, 21 Mo. App. 478; McAdams, Landlord and Tenant, page 1385, et seq.]

The action of unlawful detainer presupposes that the defendant obtained possession without force but wrongfully refuses to surrender it on demand to the person having the legal right thereto. Such refusal to make restitution is in its nature an exhibition of force and consequently is constructively a forcible entry for which an action will lie under the statute in favor of the aggrieved party. Whether the action is for forcible entry and detainer or for unlawful detainer it is obvious the principal object of the statute would be defeated should a defendant be permitted to justify his aggressive physical acts by showing that he did nothing more than to recover possession of his own. The preservation of peace furnishes the reason upon which is founded the statutory prohibition against inquiring into the merits of the title. [R. S. 1899, sec. 3343.]

Our inquiry in the present case is not concerned with the question of who had the better title or right

of possession to the land in controversy — plaintiff or Lahrman — but must deal with the subject of actual possession. The question of first importance is whose tenant was Rhodes at the time he abandoned the premises and thus made it possible for defendant to enter? If he was the tenant of Lahrman his immediate succession in possession by another tenant of Lahrman obviously would furnish no cause of action in unlawful detainer in favor of a stranger to Lahrman's title and possession. If on the other hand Rhodes was the tenant of plaintiff his possession of the premises was as to strangers possession by plaintiff, his landlord, and his abandonment of the premises during the tenancy did not oust plaintiff from possession and when defendant entered the premises they were in the actual possession of plaintiff though he was not present and did not appear until after the entry had been accomplished. [May v. Luckett, 48 Mo. 472; Kingman v. Abington, 56 Mo. 46; Frank v. Nichols, 6 Mo. App. 72; Walser v. Graham, 45 Mo. App. 629.]

The burden of proof was on plaintiff to show that Rhodes was his tenant and he has failed completely to sustain that burden. It is undisputed that Rhodes was the tenant of Mills in February, 1903, and as such was in possession of the premises and though plaintiff says he did not know that fact he did know Rhodes was there as a tenant under a claim of title adverse to that claimed by plaintiff and consequently admits that he entered into a contract of lease with one who was prohibited by law from making that kind of a contract. Section 4112, R. S. 1899, provides that "the attornment of a tenant to a stranger shall be void and shall not in any wise affect the possession of his landlord unless it is made first with the consent of the landlord or second pursuant to or in consequence of a judgment at law or a decree in equity or sale under execution or deed of trust or third to a mortgagee after the mortgage has been

forfeited." The attempted attornment did not fall in any of the excepted clauses and being made to a stranger was void and wholly without effect on the possession of Mills. A tenant is not permitted to repudiate his landlord's title or right of possession. [McCartney v. Auer, 50 Mo. 395; Bank v. Clavin, 60 Mo. 559; Dausch v. Crane, 109 Mo. 323; Pierce v. Rollins, 60 Mo. App. 497.]

Rhodes remained the tenant of Mills during the year beginning March 1, 1903, notwithstanding his attempt to accept plaintiff as his landlord and his possession was the possession of Mills. Nor was this relation affected by the fact that during that year plaintiff exercised some acts of ownership over the premises such as repairing fences, preparing some of the land for plowing and receiving a portion of the crop raised. Plaintiff acknowledged the possession of Rhodes and the acts mentioned were in no sense performed in hostility to that possession but in recognition thereof. They constitute no break in the possession of Mills. As no change was made in the tenancy of Rhodes prior to January, 1904, the written lease made in that month by Lahrman, the grantee of Mills, was the lease under which Rhodes held the premises during the year beginning March 1, 1904, and therefore Rhodes was the tenant of Lahrman in February, 1905, when he abandoned the premises and was succeeded as tenant by defendant.

It thus is apparent that under plaintiff's own statement of the facts he cannot maintain an action of unlawful detainer against defendant and the learned trial judge would have been justified in peremptorily directing a verdict for defendant. In this condition of the case it is unnecessary to discuss the errors claimed by plaintiff in the admission of evidence offered by defendant and in the instructions given. The judgment is affirmed. All concur.