**Deborah M. ALLEN,
Plaintiff–Appellant,**

v.

**Stephen T. HARRIS and Kathryn C. Harris, Defendants–Respondents.**

No. 53389.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Gale A. Todd, St. Louis, for plaintiff-appellant.

Ernest F. Brasier, St. Louis, for defendants-respondents.

KELLY, Judge.

Deborah M. Allen appeals from a judgment of the Circuit Court of the City of St. Louis in favor of respondents Stephen and Kathryn Harris in a forcible entry and detainer action. We affirm.

In March of 1986, appellant filed a voluntary petition in bankruptcy listing the premises located at 3449 South Grand as an asset of her estate with a value of $35,000.

Respondents Stephen and Kathryn Harris, who resided directly behind the appellant's home, purchased appellant's premises from the trustee in bankruptcy on December 30, 1986. Those premises consist of three apartments, an office and a garage. At that time, the premises were locked, the windows were boarded up and the utilities had been turned off.

At trial, appellant testified that she had financial difficulties and could not pay the utility bills. She borrowed water from neighbors and built fires to keep warm, but ultimately on December 30, 1986, she moved in with her niece. Appellant's mail was forwarded to her niece's residence.

On December 31, 1986, respondents concede that they gained possession of the premises located at 3449 South Grand after they broke into the building, removed the existing locks, and installed new locks. Respondents were aware that someone was using the garage for storage. Respondents placed a sign on the garage which read, "Be advised this building has been sold. Please remove all personal items belonging to you immediately. Questions, call 771–7808."

Sometime later, respondents were contacted by Ms. Wilma Darling, the appellant's niece. Ms. Darling advised respondents that she had property stored in the garage on the premises. The record reflects that Ms. Darling rented the garage from the appellant.

Respondents first became aware that the appellant claimed to be in possession of the premises on January 16, 1987. Shortly thereafter, appellant filed this action in forcible entry and detainer.

In a court-tried case, the court rendered a judgment in favor of respondents. "[T]he judgment of the trial court will be sustained by the appellate court, unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 [1](Mo. banc 1976). Within the narrow scope of review we now consider appellant's allegation of error.

While appellant has raised three separate points on appeal, she essentially raises the single issue whether the trial court abused

its discretion by ruling that appellant was not in possession of the premises located at 3449 South Grand within the meaning of § 534.020 RSMo 1986 at the time respondents entered and assumed possession.

In an action of forcible entry and detainer, the sole issue is a question of possession, and not the right of possession, since one may be wrongfully in possession, yet he cannot be dispossessed against his will. *Tolbert v. Hendrick*, 77 Mo.App. 272, 275–276 (1898). Possession consists of overt acts indicating dominion and a purpose to occupy and not to abandon the premises. *Miller v. Tillmann*, 61 Mo. 316, 317 (1875).

In the instant case, respondents relied on the following facts to establish that the premises had been abandoned:

1. Appellant did not continually reside on the premises;
2. The dilapidated condition of the premises;
3. Appellant's mail had been forwarded to her niece's address and;
4. The utilities (gas, water and electricity) had been turned off.

At the conclusion of trial, the trial court stated:

THE COURT: I'm going to enter a judgment for the defendant.

．　　．　　．　　．　　．

Technically, there might have been some basis for a claim, because they failed to go get their order of publication and post it on the door.

But if reasonable appearances count for anything, and they do under the law in this case, everything that the Harrises did were perfectly reasonable.

The other serious problem that I have with this case is, is the fact that Mrs. Allen made no effort, whatsoever, to regain possession of any of her property, and the fact that the affidavit on this complaint and forcible entry and detainer is signed by the notary on the 16th day of January, which indicates to me that you were more interested in— Mrs. Allen was more interested in filing a suit than in gaining possession of her property. Based on her own statements and what's been put in evidence without objection, there was no question that she no longer owned this home.

．　　．　　．　　．　　．

[A]ll of the acts of the Harrises, based on the standard of a reasonable, prudent person, were perfectly reasonable. They can only rely on appearances. The appearances are so obvious in this case that you had abandoned the premises, that it almost calls for no comment whatsoever.

Mr. Brasier, if you would write up a judgment, I will sign it at this time.

The appellant argues that the trial court's ruling was erroneous because: (1) the trial judge required appellant to prove she had attempted to regain possession by a method other than by process of law; (2) the trial judge inquired into the merits of title; and (3) possession of the garage by appellant's niece constituted possession of the premises by appellant.

We note at the outset, on appeal, our primary concern is the correctness of the result—not the route taken to reach it. *Weber v. Knackstedt*, 707 S.W.2d 800, 804[5] (Mo.App.1986); *see also Maryland Plaza Redevelopment Corp. v. Greenberg*, 594 S.W.2d 284, 286[1] (Mo.App.1979). We must affirm the trial court if its ruling was proper for any reason, even if the grounds assigned were wrong. *Arthur v. Jablonow*, 665 S.W.2d 364, 365[3] (Mo.App.1984). We find that two of the reasons stated by the trial court to support its decision were erroneous; however, because the trial court ultimately made the dispositive finding that the appellant had abandoned her premises, we conclude that the court's ruling was proper. We address each of appellant's contentions in turn.

The trial court admonished appellant for not making any effort to regain possession of her property prior to filing the forcible entry and detainer action. Unlike unlawful detainer, there is no notice requirement before filing a lawsuit in forc-

ible entry and detainer. *DeGraw v. Prior,* 53 Mo. 313, 315 (1873); *Voigt v. Avery,* 14 Mo.App. 48 (1883). Even though the trial judge erroneously made reference to appellant's failure to regain possession of her property prior to filing suit, we find his decision was correct based on other reasons.

■ Next, the appellant asserts that the trial court erroneously considered the issue of title in reaching his decision, because he noted that appellant had no longer owned the home. Forcible entry and detainer is a possessory action, and in such action it is immaterial whether the party dispossessed by force had title or even rightful possession. *Lindsay v. McLaughlin,* 311 S.W.2d 148, 152[6] (Mo.App.1958). However, because the trial court ultimately reached the dispositive finding that the appellant had abandoned her home, the judgment must be affirmed on appeal.

■ Appellant also asserts that appellant, by giving her niece permission to store items in the garage in return for compensation, assumed a landlord/tenant relationship. Appellant concludes that possession of the garage by appellant's niece, constitutes possession by appellant. We disagree.

Appellant relies on *Redman v. Perkins,* 122 Mo.App. 164, 98 S.W. 1097 (1907) to support her position. Specifically, she refers to this passage:

> Where a tenant was the tenant of the plaintiff in forcible entry and detainer proceedings, the possession of the tenant was as to strangers *possession by plaintiff, and the tenant's abandonment of the premises during the tenancy* did not oust plaintiff from possession, so that when a third person entered the premises *on the tenant's abandonment,* they were in actual possession of plaintiff, entitling him to maintain the proceedings, though he was not present, and did not appear until after entry by the third person. (emphasis added)
> *Id.* 98 S.W. at 1099[3].

Appellant mischaracterizes the import of *Redman.* In *Redman,* the tenant had abandoned the premises, thus making it possible for defendant to enter. The court held that if the plaintiff could prove that he was the tenant's landlord, then the tenant's abandonment of the premises did not oust plaintiff from possession.

In the instant case, the tenant did not abandon the premises, and since the tenant was in possession of the garage at the time the respondents padlocked appellant's premises, she was the proper party to file suit.

In *McCartney's Adm'r v. Alderson,* 49 Mo. 456 (1872) (the facts were developed in an earlier version of the same case cited at 45 Mo. 35 (1869)), the appellant purchased from Mrs. Taylor two adjoining lots in St. Charles, Missouri both of which were embraced in the same deed. Upon one of the lots stood a house, which was occupied by Anna Georges, appellant's tenant. The adjoining lot, which was the one in controversy, was vacant. Respondents took possession of the vacant lot. Appellant brought an action for forcible entry and detainer. He based his suit on the proposition of law which states that where one is in possession of a part of a tract of land, the whole of which is his own property, such possession is the possession of the whole. *See Harris v. Turner,* 46 Mo. 438 (1870); *Prewitt v. Burnett,* 46 Mo. 372 (1870). Appellant then argued that he, acting as Anna Georges' landlord, possessed the vacant lot. The court held that:

> [W]hen this action was commenced, a tenant, Anna Georges, was in actual occupation of the house upon the adjoining lot. If there was any constructive possession of the vacant lot in controversy, because embraced in plaintiff's deed from Taylor as part of the premises, it was the possession of the tenant, and she, and not the landlord, must sue. The landlord cannot bring this action for the dispossession of the tenant during the term, for he is not disseized.

*McCartney's Adm'r,* 49 Mo. at 456–457. *McCartney's Adm'r* is analogous to the instant case, in that appellant's tenant possessed the garage, and she, and not the appellant, was the proper party to file an

action in forcible entry and detainer. Appellant's claim is without merit.

 The comments of the trial judge given in rendition of the judgment include the determination that the appellant was not in possession of the premises and that she had abandoned the premises. The record reflects that the home was abandoned because the utilities had been turned off. Additionally, appellant had moved in with her niece and her mail had been forwarded to her niece's address. The trial court's finding is supported by substantial evidence and does not erroneously apply nor declare the law. Accordingly, we affirm the judgment of the trial court.

KAROHL, P.J., and SMITH, J., concur.