P. F. MILLER, Defendant in Error, *vs.* ANTON TILLMANN, Plaintiff in Error.

1. *Forcible entry and detainer, what prior possession of plaintiff necessary.*— Plaintiff cannot recover in an action of forcible entry and detainer who has not been in possession for three years prior to the institution of his suit.

2. *Instruction, refusal of—Principle of given in another instruction.*—The refusal of an instruction will not warrant a reversal where the same principle of law is declared in another instruction which is given.

3. *Forcible entry and detainer, title not in issue in.*—Actions of forcible entry and detainer have nothing to do with the title to land.

### Error to Osage County Circuit Court.

*Lay & Belch*, for Plaintiff in Error.

*Ewing & Smith*, for defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer, originally instituted before a justice of the peace, and removed thence by *certiorari* to the circuit court. At the trial there was a verdict and judgment for the plaintiff, and the defendant has prosecuted his writ of error. For the plaintiff there was evidence tending to show that he took possession of the land in 1848, and exercised acts of ownership over it, and sold timber off of it; that he had an agent who resided near to and adjoining it, and that he permitted him to cultivate a small portion of the land and take wood off it, in consideration that he would take care of it and keep trespassers away; that he never gave the defendant any permission whatever to enter upon the land.

The defendant, to maintain the issue on his side, introduced one Henry Schnitzler, who testified that he was in possession of the land in the fall of 1867, doing some clearing and making rails upon it; that he left the land between the years of 1867 and 1868, and sold his claim to the defendant, who went into possession in the fall of 1868.

There were two other witnesses who substantially corroborated the above testimony.

At the instance of the plaintiff the court gave eight instructions on his behalf, and it also gave six instructions for the defendant, and refused one. It is unnecessary to enter upon any critical analysis of plaintiff's instructions, as they embody propositions of law which have repeatedly received the sanction of this court. They are directed mainly to the facts which are necessary to constitute possession, and follow the numerous cases which have been decided on the subject. The defendant's instructions carry out essentially the same views, and are in harmony with those given on the other side. The first one declares that possession means the actual occupancy of land, and in this case the jury must believe from the evidence that Miller was in the actual possesssion ; but it is not necessary that he should be on the land all the time, but he must keep up such actual possession by acts of possession showing that he does not intend to abandon the possession. The third instruction told the jury that they must believe from the evidence that Miller had the possession at the time Tillman entered into possession, and in the absence of such proof they should find for the defendant. And by the fourth instruction the jury were told, that neither the title to the property in controversy, nor the right to the possession thereof, were to be inquired into, in determining the cause ; but that the only question in the case was, "had the plaintiff actual possession of the premises within three years before the institution of the suit." The second instruction offered by the defendant, and which the court refused to give, declared that if the jury believed that Schnitzler went upon the land and made rails and cleared some land, and kept possession till defendant took possession, and that defendant has ever since occupied the same ; that Schnitzler's possession was more than three years before the institution of this suit, then the plaintiff cannot recover in this action, and the jury will find for defendant. Abstractly considered, the instruction is correct, and if what is announced therein was true it would defeat the plaintiff's action. It would constitute a break in plaintiff's continuous peaceable possession, which

would be fatal to the remedy he has chosen.  But the evidence did not strictly warrant the instruction.  The inference is that some time intervened between the period when Schnitzler went out and the defendant came in.  In this intervening time the plaintiff may have again obtained the possession. But even if the court erred in refusing the instruction it would not authorize a reversal, for the reason that the same principle was given in other instructions at the request of both plaintiff and defendant.  Defendant's third instruction told the jury that the evidence must show that plaintiff had the possession at the time defendant entered into possession, and that in the absence of such evidence the verdict must be for the defendant.  The fourth and fifth instructions given for the plaintiff assert the same proposition, the former declaring that if it is found from the evidence that the defendant has since his entry on the land made improvements thereon, that would afford him no defense, provided it was further found that plaintiff had peaceable possession of the land at the time of defendant's entry.  The other declaration instructed the jury that they had nothing to do with the title of either party ; that it was a question of possession only in the plaintiff, and of forcible entry and detainer by defendant, and therefore if it was found that the plaintiff was in the peaceable possession of the land, and that the defendant entered upon the same against the will of the plaintiff, and took possession thereof, and retained it, then the verdict should be for the plaintiff.

The instructions on this question are explicit, and made it necessary that before the jury could find for the plaintiff they should be satisfied from the evidence that plaintiff was in the peaceable possession of the premises at the time of the entry and disseizin by the defendant.

The verdict is conclusive that plaintiff was in the possession, and that defendant wrongfully ousted him.  The case seems to have been fairly tried, and the judgment should be affirmed.

Judgment affirmed, the other judges concurring, except Judge Hough, not sitting.