SIDNEY TOLBERT, Appellant, v. JAMES P. HENDRICK, Respondent.

Kansas City Court of Appeals, December 5, 1898.

1. **Forcible Entry and Detainer**: POSSESSION V. RIGHT OF POSSESSION: EVIDENCE. In an action of forcible entry and detainer the question is one of possession of the plaintiff and not his right to possession; but where the issue is whether the plaintiff was in possession of the field in controversy, evidence of leases and contracts and admissions of the parties are admissible as tending to show possession or want of possession.

2. ———: ———: ENTRY AGAINST WILL: INSTRUCTION. Forcible entry need not be against the expressed will of the plaintiff, but where there is evidence showing express consent and acquiescence to defendant's leasing the land in controversy, the use of the words "express will" in an instruction is not harmful error.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

NORTH T. GENTRY and WM. R. GENTRY for appellant.

(1) The evidence of T. S. Riggs, Mrs. Warren, Miss Ada Warren and defendant, as to defendant having a written contract for the rent of this land, and as to the owner putting him in possession of said land, was improperly admitted. It was wholly foreign to the issue and constituted no defense to this action; he might have been entitled to and had a right to the possession, and yet be guilty of forcible entry and detainer. Sitton v. Sapp, 62 Mo. App. 197, and cases cited; Harris v. Turner, 46 Mo. 438; Merriwether v. Howe, 48 Mo. App. 155. "In an action of this kind the question is not who is entitled to the possession of the premises." Hyde v. Fraher, 25 Mo. App. 417; State v. Burks, 132 Mo. 373; Calflin v. Dodson, 111 Mo. 201; Greenleaf on Ev., sec. 442. The admission of all this improper evidence could have no other effect than to confuse, deceive and mislead the jury. (2) This instruction is also wrong in requiring complainant to show that defendant's entry upon the land was against "the expressed will of complainant." All that the law requires complainant to prove was that the entry was upon "his possession and against his consent or will." Willis v. Stevens, 24 Mo. App. 500, and cases cited;

Bartlett v. Draper; 23 Mo. 407; King v. Gas Light Co., 34 Mo. 38; Jones v. Grossman, 59 Mo. App. 195; Krevet v. Meyer, 24 Mo. 107; Ensly v. Bennett, 37 Iowa, 15.

J. L. STEPHENS and JAS. C. GILLESPY for respondent.

(1) The case as the evidence and instructions show, was not tried upon the theory as to the right of possession but as to whether in fact defendant had forcibly taken possession of any lands then in possession of the plaintiff.  (2) In this case the facts fail to show that defendant took possession of any land then in plaintiff's possession.  Plaintiff had, by agreement, quit possession, and in order to maintain this action plaintiff must have been in possession, exercising control over the land in a substantial way. Scott v. Allenbaugh, 50 Mo. App. 130.  It is no error, but of right to show how and in what way the defendant came to take possession of these premises and that Mrs. Warren put him in possession as the testimony shows.  There is no evidence in this case showing that defendant went upon or took possession of any lands, forcibly or against the will of plaintiff, that he was then in possession of, which must be shown in order to entitle plaintiff to recover.  Oakes v. Aldrich, 46 Mo. App. 11; Wylie v. Waddell, 52 Mo. App. 226.

ELLISON, J.—This is an action of forcible entry and detainer.  The judgment in the circuit court was for defendant.

It appears that Mrs. Warren was the owner of a large tract of farming land in Boone county known as the Dodd and White places, though the dispute here seems to relate to what is called a piece of "corn land"

and a piece of "wheat land." That plaintiff had been her tenant for several years prior to the year 1896, in which this controversy arose and was occupying the Dodd house. That he had the corn land until the spring of 1897 and had the wheat land until he could harvest the crop in 1897, Mrs. Warren having privilege of sowing it in clover. That in September of that year Mrs. Warren took defendant onto the lands and rented them to him for five years. That plaintiff was present and advised as to defendant's intended renting. That on being told his interests in the wheat land would be protected he assented, and on request from Mrs. Warren agreed to move out of the Dodd house into the White house, so that defendant might occupy the former, and that he did move. Defendant moved into the White house and took possession of the lands in January, 1897, and thereafter sowed the wheat land in clover. That in March, 1897, he began to break down the stalks on the corn land, when plaintiff objected and said he had a written contract for the land.

Since the verdict was for defendant we have made the statement as the evidence in his behalf has tended to show the facts to be. The principal objections urged here relate to the admission of evidence as to the leases and to the instructions.

Plaintiff contends that under the law there should be no question, in an action of this kind, as to the *right* of possession, but that the sole question was whether the plaintiff was in fact in the peaceable possession which was taken from him against his will. And that in such view of the law the leases claimed by both plaintiff and defendant, and defendant's having disclaimed having a written lease or having disclaimed any interest in the land except the wheat land, was of no consequence. Plaintiff is correct in his claim that

FORCIBLE entry and detainer: possession v. right of posses- sion: evidence.

the question in cases of this nature is a question of possession and not *right* of possession; since one may be wrongfully in possession, yet he can not be dispossessed against his will.   It is true, too, that ordinarily matters of lease or contracts for possession might have no bearing on the issue involved in such an action.   But in this case the situation of the parties was peculiar. There were two houses on the lands owned by Mrs. Warren, one was occupied by plaintiff and the other by defendant.   The fields of the farm were, of course, not bodily occupied, and the question was as to which of the two was in possession.

The leases and contracts and admission of the parties bore on that question.   They had a tendency to show that plaintiff was not in possession and had not so considered that he was, except as to the "wheat land," which Mrs. Warren or her representative had a right to enter upon and sow in clover.   The case is not like where one was in bodily possession of a room or a house and another intruded himself upon him and ousted him against his will.   In such case, nothing more appearing, it might very well be said that the question as to which one had the better right would not figure.   But here the question to determine was whether the plaintiff was in possession and the evidence admitted had a tendency to throw light on that question.   The law governing cases of this nature is not in dispute.   It will be found in the briefs of the parties, and the only questions relate to application to a particular state of case.

Objection is made to some of defendant's instructions.   (The record does not show any were asked by plaintiff.)   The expression is used in one ———: ———: entry against will: of them that defendant's entry must have instruction. been against the expressed will of plaintiff. It is true that if a forcible entry is made against the

will of another, it need not be against his "expressed" will.   But here again the facts of the case come to defendant's aid.   The evidence had shown clearly his express consent and acquiescence in defendant's leasing the lands and of his removal from one house to another to facilitate such leasing.   In the face of these facts, the error, if error it was, was not harmful.

The judgment was manifestly for the right party and it is affirmed.   All concur.