Thomas W. Dyer et al., Appellants, *v.* A. Reitz et al., Respondents.

May 15, 1884.

Forcible Entry and Detainer — Possession. — A possession obtained by an act of trespass in building a fence is not such a possession as will support an action of forcible entry and detainer against a claimant who destroys the fence.

Appeal from the St. Louis Circuit Court, Horner, J. *Affirmed.*

T. A. Russell and E. P. Johnson, for the appellants.

Frank K. Ryan, for the respondents.

Lewis, P. J., delivered the opinion of the court.

This is an action of forcible entry and detainer. At the close of the testimony, upon the giving and refusing of instructions by the court, sitting as a jury, the plaintiffs took a non-suit, which the court afterwards refused to set aside.

The whole controversy turns upon the question whether the plaintiffs were in peaceable possession of the premises, at the time of the alleged forcible entry by the defendants. The testimony tended generally to show that, until on or about October 13, 1881, when one or more of the defendants began to use the lots as a stoneyard, they had lain vacant, and had never been occupied for any useful purpose. The plaintiffs' testimony tended to prove that in April or May, 1878, they enclosed the lots with a board fence, which remained standing until August of the same year; and that, on the morning of October 13, 1881, they closed the lots in with posts about twelve feet apart, connected by barbed wire in three strands. These posts and wires were removed by other persons, possibly the defendants. Within forty-eight hours the defendants erected a more substantial fence, and continued to occupy the prem-

ises until the institution of this proceeding, on November 8, 1881. One of the plaintiffs, who acted for all in causing the fences to be built, as stated, testified that the special object of that work in each instance was to aid in a contemplated litigation about the title. Several witnesses for the defendants testified that they had lived near the lots and seen them daily for many years, beginning long before 1878, but they had never seen any enclosure around the lots prior to that built by defendants.

Every legal procedure is intended for the redress or prevention of some wrong or grievance; or, in another form of expression, for the enforcement of some right. Procedures are divided into classes, each being adapted to a particular method of protecting a specific class of rights. Thus, ejectment is designed to protect and enforce the right of possession derived from ownership or title; while the action of forcible entry and detainer sustains only the right to remain in a possession peaceably acquired and held, until this shall be determined by due course of law. Possession, in either case, means a real dominion, capable of devoting the property to some beneficial use, however small, by him who enjoys it. Procedure must be invoked in behalf of such dominion, as a substantial right, whose enjoyment is invaded, or withheld; and not for the mere purpose of securing a vantage ground for other litigation. The suitor who employs it for the latter purpose, attempts a fraud upon the law. He would have the courts employed, not in administering justice between litigants, but in rewarding only the most skillful strategist. Such a case is exactly presented by the party who relies on what has been aptly called a "scrambling possession." It is a possession without any savor of the legitimate enjoyment of property rights, and neither sought nor secured on any such account; but which is only scrambled for, by one party or by both, because of some supposed advantage it may command in a pending struggle. The uniform course of

adjudication, here and elsewhere, has always been to refuse recognition of such a miscalled possession as investing its claimant with any title to the protection offered in behalf of a peaceable occupancy, however acquired, which the holder intends and uses simply as an exercise of that dominion which insures an enjoyment of the ordinary and accustomed rights of property. *Keene* v. *Schnedler*, 9 Mo. App. 597. The argument here made for the plaintiffs seems to assume that the act of building a fence or enclosure creates *ipso facto* a peaceable possession in the builder, which he may ever thereafter maintain by the action of forcible entry and detainer. We know of no law to that effect. If the party commit a trespass, in order to build the fence, he will still be a trespasser, notwithstanding the fence. If the fence be only a feature of his strategy to gain advantages in litigation, it will not better his position. It sufficiently appears from the action of the circuit court, in giving and refusing instructions, that the learned judge, sitting as a jury, did not find from the evidence any disturbance by the defendants of an actual and peaceable possession held by the plaintiffs and entitled to legal protection. In our view of the testimony, he could not well have erred in finding that the hasty erection on the morning of October 13, 1881, was a mere scrambling effort by the plaintiff to gain a certain *status* in prospective litigation, and was not in any sense a peaceable or *bona fide* acquisition or assertion of actual possession, sufficient to furnish a foundation for the present proceeding. The fencing done in 1878 made no better showing. For whatever it was worth, it had been abandoned by the plaintiffs for more than three years, at the time of the forcible entry herein complained of. The bill of exceptions is imperfect in not setting out the record of a suit, which was offered in evidence, and for which a proper call is made, but enough appears from other testimony given with reference thereto, to show that, in the fall of 1878, these plaintiffs sued in ejectment, for a large tract

and for several parcels of land, in different suits, and that, in one or more of those suits, the lots here in controversy were included. A suit in ejectment necessarily admits that the complaining party is not in possession of the land sued for.

The plaintiffs complain, on authority of *De Graw* v. *Prior*, (53 Mo. 313), that the court erred in giving an instruction that, upon the evidence, the plaintiffs were not entitled to recover. The authority does not apply. The court in that case gave no other instruction, and undertook to dispose of all controverted questions of fact, about which there was substantial testimony on both sides, by a general declaration of the result. The supreme court said that this was equivalent to taking issues away from a jury, upon which there was evidence proper to be left with them for their finding. The objection does not exist in the present case. The court here gave full instructions, or declarations of law, covering every point upon which an instruction could properly be given. Thus no issue was taken away from the trier of fact, but every one was submitted upon a hypothetical statement, with its appropriate conclusion of law. The general finding was thus fully elucidated, and was free from the objections made by the supreme court in the case of *De Graw* v. *Prior*.

The judgment is affirmed. All the judges concur.