ELLA APPERSON, Respondent, v. NATHAN D. ALLEN, Appellant.

St. Louis Court of Appeals, December 9, 1890.

1. **Taxes :** REMEDY OF EJECTMENT UNDER R. S. 1889, SEC. 7698. The remedy under this section ( which enables a claimant of land, as to which a tax deed has been recorded, to sue in ejectment the grantee in the deed) is not exclusive ; one who actually occupies the land may still resort to an action to quiet title against the claimant under the tax title.

2. **Action to Quiet Title:** ENTRY INTO ACTUAL POSSESSION. The owner of a vacant lot, as to which there is an outstanding recorded tax deed, may take actual possession of the lot with the view of instituting an action to quiet title against the claimant under such deed, if, in so doing, he does not disturb a prior possession by such claimant, and does not act tortiously.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*James P. Dawson* and *Andrew Mackay, Jr.*, for appellant.

(1) A purchaser filing a tax deed for record, in the office of recorder of deeds, can be sued in ejectment by the owner of the property, though not in the actual possession, the premises being vacant. Hence instruction number 2, asked for by the defendant, should have been given. 2 R. S. 1889, sec. 7698; *Callahan v. Davis*, 90 Mo. 78. (2) Instruction number 3, as asked for by the defendant, should have been given, as plaintiff's possession was insufficient, being merely nominal, not taken for beneficial use but for the purpose of shifting the burden of suing in ejectment on this defendant; this cannot be done. *Dyer v. Baumeister*, 87 Mo. 134; *Dyer v. Krackauer*, 14 Mo. App. 39; *Dyer v. Reitz*, 14 Mo. App. 45. (3) To maintain an action under this section (1 R. S. 1889, sec. 2092) plaintiff must be in the actual, *bona fide* possession of the premises. *VonPhul v. Penn*, 31 Mo. 333; *Rutherford v. Ullman*, 42 Mo. 216; *Babe v. Phelps*, 65 Mo. 27; *Dyer v. Baumeister*, 87 Mo. 134; *Dyer v. Krackauer*, 14 Mo. App. 39; *Burt v. Warren*, 30 Mo. App. 332; *Monroe v. Ward*, 4 Allen, 150.

*G. M. Stewart*, for respondent.

BRIGGS, J.—This is an action under the statute to quiet title to land. R. S. 1889, sec. 2092. The defense was that the plaintiff's possession of the lot in question was not actual or *bona fide;* that a temporary wire fence was placed around the lot by the plaintiff the day before the suit was brought; that, prior to this time, the lot was vacant; that the defendant claimed title under a tax deed, dated June 2, 1883, conveying to his immediate grantor the lot in dispute; that this tax deed was recorded in the recorder's office for the city of St..Louis on the thirteenth day of July, 1883; that the possession taken by the plaintiff was only nominal, and that it was only taken for the purpose of shifting the burden of suing in ejectment on the defendant. The court made an order requiring the defendant to bring an action to try his alleged title, and from this judgment he has appealed.

The facts in the case are quite simple, and may be briefly stated as follows: The lot in question had been formerly inclosed by the plaintiff's grantor. About five years prior to the commencement of this proceeding the fence disappeared. After that the lot remained vacant until the eighteenth day of March, 1890, when the plaintiff inclosed it with a barbed wire fence. The plaintiff bought the lot in April, 1889, but she did not attempt to take possession of it until the day mentioned, which was the day preceding the institution of this suit. The defendant's evidence tended to show that one Charles W. Caines was the purchaser at the tax sale; that, on the first day of February, 1887, he conveyed the lot to the defendant; that the defendant had paid no taxes on the land, and had not attempted to take possession or to exercise any acts of ownership over it; and that, at the time the tax suit, under which the land was sold, was instituted, the defendant therein was dead. The defendant also introduced evidence tending to prove that the fence was poorly constructed; that the posts,

to which the wires were attached, were insufficient to support the weight of the wires; that the posts were insecurely placed in the ground, and that the greater portion of the fence fell down within a short time after it was built.

Under this state of facts the defendant claims that the plaintiff's possession was not *bona fide;* that the lot was vacant, and the plaintiff could have maintained a suit in ejectment against him as the holder of the tax title; and that the plaintiff could not by any ruse or contrivance shift the responsibility of suing in eject-ment to the defendant.

Section 7698, Revised Statutes, 1889, reads : "Any person hereafter putting a tax deed on record in the proper county shall be deemed to have set up such a title to the land described therein, as shall enable the party claiming to own the same land to maintain an action for the recovery of the possession thereof against the grantee in the deed, or any person claiming under him ; whether such grantee or person is in the actual possession of the land or not." It is quite true that the plaintiff could have brought an action of ejectment against the defendant as the owner of the tax title, and it is equally true that the statute, under which this pro-ceeding is brought, cannot be made a substitute for the action of ejectment by reason of sharp practices by the plaintiff concerning the possession. But we do not under-stand the effect of the provision of the law to be that the plaintiff in this case was necessarily compelled to bring an action of ejectment, in order to test the validity of the defendant's tax title. The manifest object of sec-tion 7698 was to enable the owner of vacant lands, which had been sold for taxes, to sue the holder of the tax deed in ejectment, and not to be forced to take the actual possession of the land in order to vindicate his title. But it does not follow that such owner may not take actual possession, so that a proceeding to quiet his title may be maintained. If there was anything in

this case to show that the plaintiff's possession was tortious, or that by taking possession of the lot she in any way disturbed a prior possession by the defendant, then the authorities relied on and cited by counsel would be applicable.

In the case of *Dyer v. Krackauer*, 14 Mo. App. 39, there was a controversy about the condition of the premises prior to the time the plaintiff built his fence. There was evidence tending to prove that the defendant was at the time in the actual possession of the lot, and had been for several years. Under this state of the evidence, the court refused an instruction to the effect that the plaintiff must be considered in the actual possession of the premises at the time the suit was brought, provided he had a fence around the lot. This court said : "The instruction, if given, would have precluded any finding upon the material issue, whether the hurried fencing done by the plaintiff was indicative, not of an actual and peaceable occupancy, but of a mere interference with the ancient prior possession of the defendants, designed only to make an illusive show for the purpose of this suit."

The case of *Dyer v. Reitz*, 14 Mo. App. 45, was an action of forcible entry and detainer. The defendants in that case were originally in the possession of the property in dispute. The plaintiff removed their fence, and put one of his own in the place of it ; then the defendants forcibly removed the plaintiff's fence and resumed possession ; thereupon the plaintiff brought this action of forcible entry. It was with reference to this state of affairs that the court said : "Procedure must be invoked in behalf of such dominion, as a substantial right, whose enjoyment is invaded or withheld ; and not for the mere purpose of securing a vantage ground for other litigation. The suitor, who employs it for the latter purpose, attempts a fraud upon the law. He would have the courts employed, not in

administering justice between litigants, but in rewarding only the most skilful strategist. Such a case is exactly presented by the party, who relies on what has been aptly called a 'scrambling possession.'" *Dyer v. Baumeister*, 87 Mo. 134, was an action to quiet title. The defendant's evidence tended to show that he had fenced the lot, and that, several years previous to the action, the fence had disappeared ; that the defendant continued to pay taxes on the lot, and that he exercised other acts of ownership over it ; and, on the morning the suit was brought, the plaintiffs erected a temporary fence around the lot. The supreme court said : "From these facts it is clear that plaintiff's possession was merely nominal, if not wrongful ; obtained under circumstances tending to show a trespass, and with the sole object of instituting this proceeding in order to shift the burden of establishing title from their own shoulders onto the defendants."

It is very clear to us that the language of the courts in the foregoing cases is not applicatory to the admitted facts of this case. We think the judgment of the circuit court ought to be affirmed. It is so ordered. All the judges concur.