62 197
65 426

62 197
82 624

62 197
86 215

## FELIX G. SITTON *et al.*, Appellants, v. W. T. SAPP *et al.*, Respondents.

### Kansas City Court of Appeals, May 6, 1895.

1. **Forcible Entry and Detainer:** FACTIONS IN CONGREGATION: ISSUE. Where a church congregation becomes divided and each faction appoints its own trustees of the church house, and, after use of the building by each faction on successive occasions for some time, one faction gives notice that it intends to take possession and does in fact take possession and hold the same, and, thereupon, the other faction forcibly bursts the window shutters and the sash and enters and takes and holds possession, in an action for forcible entry and detainer by the ousted faction, the question, which of the factions composed the true, original organization, is foreign to the issues, and the sole and only question is, whether the ousted faction at the time of the entry were in actual, peaceable and exclusive possession of the church edifice and whether the ousting faction with force and against the will of the other party entered into the building and excluded said other party.

2. ———: PURPOSE OF STATUTE. The manifest purpose of the forcible entry and detainer statute is to preserve peace, to prevent personal conflicts and deprive any person of all authority to use force in asserting his supposed rights to possession of property held by another, and title is not to be inquired into.

3. ———: CHURCH FACTIONS: INSTRUCTIONS. In an action of forcible entry between trustees of church factions, an instruction requiring the plaintiff to establish by a preponderance of testimony that they are the legally constituted and authorized trustees of the church, imposes a condition of recovery not authorized by law.

4. ———: POSSESSION. Where the trustees of a church faction take off the old locks, putting on new, and fasten the windows, etc., give notice of their intention to hold exclusive possession, they have actual possession which does not mean that they must remain bodily in the building, but such possession as the property was capable of.

*Appeal from the Boone Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*C. B. Sebastian* and *Eli Penter* for appellants.

(1) This is an action of forcible entry and detainer, and to maintain it, plaintiffs only have to show that they were in possession, and that the defendants intruded upon it. This is the sole issue and the trial court seemed to have recognized this well settled principle of our law in giving plaintiffs' declarations of law numbers 1 and 2. (2) As to what acts constitute possession must be determined with reference to the nature and use of the property in controversy. Continuous occupancy is not necessary to constitute possession of a church. *Meriwether v. Howe*, 48 Mo. App. 148. The trial court seemed to have recognized this principle in giving plaintiffs' declarations of law number 4. As to what constitutes possession is generally in this class of cases a mixed question of law and facts; but in this case plaintiffs' declaration of law number 3 contains a statement of facts shown by all the evidence in the case; they are not controverted, in fact they are conceded. It then became a question of law as to whether the facts stated in the declarations were sufficient to constitute possession in the plaintiffs. Under the well settled rule in this state, they did, and the court committed a reversible error in refusing to so declare and find. *Scott v. Allenbaugh*, 50 Mo. App. 130. That on the twelfth day of February, 1894, the defendants with force and by means of a screw driver and hatchet, broke open the church and took possession of it and have ever since held it against the wishes of plaintiffs is not denied. It is testified to by the defendants themselves. (2) Defendants first and second declarations of law contained the same errors and may be considered together; they both state that before plaintiffs are entitled to recover they must show by a preponderance of evidence that, "they are the legally

constituted and authorized trustees of Goshen Primitive Baptist church, and in the actual, lawful and exclusive possession." *First.* As to whether the trustees were legally constituted and authorized, presents an issue foreign to this case; the evidence shows that they were acting trustees and as such had possession of the church. Neither the title nor the right to the possession was the issue. *Craig v. Donnelly*, 28 Mo. App. 342. *Second.* Both of these instructions placed plaintiffs' right to recover on their having "actual, lawful and exclusive possession." The term lawful is not explained, but, from the connection in which it is used, together with the fact that the court refused plaintiffs' declarations of law number 3, it is fair to infer that it was meant by defendants and considered by the court, to require plaintiff to show that they had title to the property. The term lawful, in an instruction less objectionable than these given in this case, has been expressly condemned and held a reversible error.

*Odon Guitar* for respondents.

(1) There is no pretense that appellants were in possession of the church edifice in any other capacity than "as trustees," and if as trustees, to vest in them such "actual, peaceable, exclusive possession" as to enable them to maintain this action, they must have been "legally constituted and authorized trustees." (2) Appellants object to the use of the term "lawful" in respondents' instructions, but fail to explain the purpose of their objection, or how they were injured by the use of the term. 2 Bouvier's Law Dict. 755; 1 Perry on Trusts [4 Ed.], sec. 294; R. S. 1889, secs. 8683, 8684. (3) In the case cited by appellants, the instruction complained of was not qualified by the use of other terms as in this case, or by the giving of other instruc-

tions which appellants admit qualified the character of the prior possession necessary to entitle appellants to recover in this action. "If, taken together, they stated the law correctly, it was proper to give them." *Edwards v. Cary*, 60 Mo. 572. (4) Under the testimony in the case, no other verdict could have been rendered, and even had an erroneous instruction been given (which we deny), under our statute the court would not reverse the case. R. S. 1889, sec. 2303; *Henry v. Railroad*, 113 Mo. 521; *Fitzgerald v. Barker*, 96 Mo. 661; *McGowan v. Ore and Steel Co.*, 109 Mo. 518; *Meriwether v. Howe*, 48 Mo. App. 148.

GILL, J.—This is an action of forcible entry and detainer, brought before a justice of the peace, wherein plaintiffs charged the defendants with forcibly breaking open and taking possession of what is known as Goshen Primitive Baptist Church, in Boone county, Missouri, and which, it is alleged, was at the time in the peaceable possession of the plaintiffs. The cause was removed by *certiorari* to the circuit court, where, on a trial before the court without the aid of a jury, there was a finding and judgment for defendants, and plaintiffs have appealed.

The facts necessary to be stated, and which have given rise to the controversy, are as follows: The Goshen Primitive Baptist Church was organized in Boone county, as early as 1832. It continued an harmonious career till 1890, when some discord arose between certain members of the congregation, headed by one Glasscock, and the preacher, one Elder Ira Turner. Charges and counter charges followed; efforts at expulsion and protests appeared, until, in July, 1891, the members of the Goshen church found themselves divided into two distinct factions, known as the Glasscock party and the Turner party, each claiming to be

the rightful Goshen Primitive Baptist Church. And so embittered did they become that the two factions refused longer to worship together. The Glasscock party called another preacher, and, by common consent, used the church building on the second Saturday of each month; while the other party, still retaining Elder Turner, occupied the church edifice as a place of worship the first Saturday of each month.

In the early part of the year 1892, the Glasscock party invited the Turner party to join them in calling a council from other bodies of the same denomination to hear and determine who was rightfully the true Goshen Primitive Baptist Church. The Turner faction declined, but a council composed of a number of divines was convened, and this council, after some investigation, decided in favor of the Glasscock faction and declared it to be the true Goshen Primitive Baptist Church.

In the fall of 1892, each party selected three trustees to hold and manage the property and affairs of the church. The Glasscock party chose F. G. Sitton, M. D. Glasscock and S. P. Glasscock, who are plaintiffs in this suit; and the Turner party elected W. T. Sapp, N. G. Hagans and W. J. Rippeto, as their trustees, and who are now defendants in this action.

The *status quo* remained thus—each faction claiming to be the true Goshen Primitive Baptist Church—until February 1, 1894, when the defendants Sapp, Rippeto and Hagans (calling themselves the rightful trustees) served a written notice on the plaintiffs, Sitton and the two Glasscocks, that after February 10, 1894, no further permission would be granted them and the parties they represented to use and occupy the church building as theretofore, and that they (the Turner party) would, after said February 10, "resume exclusive control and occupancy of said church edifice."

This was followed by a special meeting of the

Glasscock party on February 5, 1894, whereat the plaintiffs, as their trustees, were authorized and directed to take exclusive charge of the church property and to serve notices on defendants, Sapp, Rippeto and Hagans, forbidding them and all those affiliating with them any further use or occupancy of said church building. This notice was made out and served at once. The church edifice at and before that date seems to have been left unlocked, but the plaintiffs, on said February 5, went to the church, took off the old door locks and replaced them with new ones, fastened the windows, locked the church (as they thought, securely), and gave the keys to the sexton of the Glasscock party. Plaintiffs in this manner took and held exclusive possession of the church from the fifth to the twelfth day of February, 1894, on which last day the defendants came to the building and tried to enter, but could not. They then with screw driver and hatchet took off one of the window blinds, pried up the lower sash, bursting it, and entered the church, and put new locks on the doors, locked them and fastened the windows, and put a notice on the door forbidding anyone admission; and thereafter forcibly held possession of said church and deprived plaintiffs thereof.

Thereupon, plaintiffs—who had assumed to hold the possession of the church for and in behalf of the Glasscock party (which they claimed was the rightful Goshen Primitive Baptist Church)—brought this action of forcible entry and detainer against the defendants, with the result before stated.

I. In the foregoing statement of facts, much of the testimony that is set out in the record is passed over without any special mention, because it is wholly immaterial to a decision of this controversy. The evidence referred to relates to the ecclesiastical polity, creed and government of the order of Primitive Bap-

tists—a congregation of which established the church in question. In this case of forcible entry and detainer, the trial court was not called upon, or even authorized, to determine whether the Glasscock faction or the Turner faction composed the true Goshen Primitive Baptist organization. Such an inquiry was foreign to the issues involved. The sole and only question was whether or not plaintiffs Sitton and M. D. and S. P. Glasscock (who were the trustees or representatives of the Glasscock party) were, on February 12, 1894, in the actual, peaceable and exclusive possession of the church edifice; and whether or not, on that day, the defendants, Sapp, Hagans and Rippeto (trustees and representatives of the Turner party), with force and against the will of the parties in possession, entered into the building and excluded said parties therefrom. As was said by this court in *Craig v. Donnelly*, 28 Mo. App. 350: "There is no rule of law more fully and definitely settled than that, in an action of forcible entry and detainer, neither the title nor the *right* of the possession is in issue. The matter of *right* is foreign to the case. The question is merely, has there been a forcible entry on the plaintiff's possession. If there has been, the intruder must restore the possession; place the party *in statu quo*, and then, if he has a case, he can assert it by legal proceedings. The law does not permit him to redress his grievance with his own hand, and if he does so redress it, the law will undo his work and place the parties as they were before the entry." See cases cited in the opinion, on page 351, *Craig v. Donnelly*, *supra*.

It is immaterial what may be the *rights* of the parties; it matters not that the party forcibly evicted may himself have gotten possession by committing a trespass. "If he acquired it wrongfully, he was subject to an action therefor; but his unlawful entry can not be

set off against an unlawful entry upon his possession."
*King's Adm'r v. Gas Co.*, 34 Mo. 38; *Compton v. Baker*,
34 Mo. App. 133.

The manifest purpose of the statute relating to this
subject was to preserve the peace, to prevent personal
conflicts, and to deprive any person of all authority to
use force in asserting his supposed rights to possession
of property held by another. "No person," says the
statute, "shall enter upon or into any lands, tenements,
or other possessions and detain or hold the same but
when entry is given by law, and then only in a peace-
able manner." And further: "If any person shall
enter upon or into any lands, tenements, or other pos-
sessions, with force or strong hand, or with weapons,
*or by breaking open the doors or windows or other parts
of a house, whether any person be in it or not,* * * * the
person so offending shall be deemed guilty of a forcible
entry and detainer." R. S. 1889, secs. 5087, 5088.

"The merits of title shall in no wise be inquired
into, on any complaint which shall be exhibited by vir-
tue of the provisions of this chapter. R. S. 1889, sec.
5111.

A consideration, now, of the law applicable to this
character of controversy, makes it clear that the learned
judge who tried this case adopted an erroneous theory.
The whole field of controversy between these contend-
ing factions was explored; a large volume of evidence
was adduced *pro* and *con*, the sole tendency of which
was to sustain the claim of one or the other faction to
be the true ecclesiastical body which founded the old
church, and that the plaintiffs or defendants were the
legitimate trustees of the Goshen church, and entitled,
as a matter of right, to its possessions. The court, in
its instructions, declared the law to be, that: "To
entitle plaintiffs to recover in this action, they must
establish by a preponderance of testimony, that they

were, at the date of the institution of this action, the *legally constituted and authorized trustees of Goshen Primitive Baptist Church,* in Boone county, Missouri, and that, as such trustees, they had, prior to the institution of this action, the actual, lawful and exclusive possession of the church and premises in question."

As already said, this imposed a condition for recovery not authorized by the law. Whether or not plaintiffs represented the true ecclesiastical church body—whether or not the Glasscock, or the Turner party, was the rightful successor of the old organization—is not involved in this suit. It is sufficient if plaintiffs had, at the time defendants entered, the actual, peaceable possession of the church edifice, and that defendants forcibly entered and excluded plaintiffs therefrom. What right either party had back of and beyond all this was of no consequence.

That plaintiffs had such a possession, can hardly be disputed. They had gone into the building; taken off the old door locks and placed others in their stead; had fastened down the windows and locked the doors, at the time giving notice to defendants, that they (the plaintiffs) meant to and did hold exclusive possession of the premises. The plaintiffs, too, continued to hold such possession until a week thereafter, when defendants forced the windows, broke into the house, and ousted the plaintiffs. While the complaining party must have had the actual possession, yet this does not mean that they must remain bodily in the building, ready to exclude all intruders. *Scott v. Allenbaugh,* 50 Mo. App. 148. Plaintiffs had just such possession as is usual in such cases, such as the property was capable of. And that defendants forcibly dispossessed plaintiffs, and forcibly detained the premises, are equally certain.

In our opinion, then, the undisputed facts show

that the defendants were guilty of forcible entry and detainer, and the judgment ought to have been for the plaintiffs, giving them restitution of the premises and damages as provided by statute.

The judgment will be reversed and the cause remanded. All concur.