JOHN A. BUCK et al., Appellants, v. JESSE ENDI-
COTT, Respondent.

**Kansas City Court of Appeals, November 23, 1903.**

1. **FORCIBLE ENTRY AND DETAINER:** Sham Occupation:
Three Years' Possession; Appellate Practice. There was evi-
dence tending to show that plaintiff's alleged possession was
not in good faith but a sham and pretense, and that defendant
had had possession for more than three years; and this was
sufficient to sustain the trial court's finding for the defendant,
which is the only question for the appellate court.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,*
Judge.

AFFIRMED.

*G. W. Murphy* and *J. W. Stokes* for appellants.

(1) The plaintiffs were in the actual and peace-
able possession of the lands sued for at the time defend-
ant Endicott entered. He entered against their will and
retained the possession against their will and after he had
been notified by plaintiffs to quit the possession of the
premises and after demand made by plaintiffs. Under
these conditions plaintiffs had no other alternative but
to bring this suit and try the right of possession. Roch-
ester v. Gate City Co., 86 Mo. App. 447; DeGraw v.
Prior, 60 Mo. 56; Amer. and Eng. Ency. Law, pp. 117,
119, 120. (2) A lawful entry either by plaintiffs, their
agents, with a view of holding possession notwithstand-
ing a subsequent temporary absence, is sufficient to en-
able them to maintain the action. Powell v. Davis, 54
Mo. 315; Hinniger v. Trax, 67 Mo. App. 526; Bradley v.
West, 60 Mo. 59; Scott v. Allenbaugh, 50 Mo. App. 130.

(3) Any acts done by plaintiffs showing intention to hold possession, such as fencing, marking lines, locking up the house, etc., are sufficient to prove possession. Bradley v. West, supra; School District v. Holms, 53 Mo. App. 487. (4) Neither a good and lawful fence, nor a residence on the lands, are necessary to peaceable and actual possession. Fences are means but not the only means by which possession may be taken and held. Goodrich v. VanLandingham, 46 Cal. 601; Bartlett v. Draper, 23 Mo. 407; Willis v. Stephenson, 24 Mo. App. 494; Bradley v. West, 60 Mo. 59; Sitton v. Sapp, 62 Mo. App. 197, and cases cited; Keen v. Schweigler, 70 Mo. App. 409.

*Nichols & Pistole* for respondent.

(1) The only question involved in this case is, whether or not the plaintiffs in this case were in actual possession of this place on or about March 1, 1901. Reed v. Bell, 26 Mo. 216; Holmes v. School Dist., 53 Mo. App. 184; Armstrong v. Hendrick, 67 Mo. 542; Nelson v. Nelson, 30 Mo. App. 184; McCartney v. Alderson, 45 Mo. 35; DeGraw v. Prior, 60 Mo. 56; Keene v. Schnedler, 9 Mo. App. 597. (2) Such possession must be actual and bona fide and for the purpose of putting the land to some beneficial use and not merely to gain advantage in some contemplated litigation. Kincaid v. Logue, 7 Mo. 167; Dyer v. Reitz, 14 Mo. App. 45; DeGraw v. Prior, 60 Mo. 56; Bradley v. West, 60 Mo. 59. Paying taxes is an act of ownership and not an act of possession and avails nothing here. McCartney v. v. Alderson, 45 Mo. 35; Miller v. Northup, 49 Mo. 397. (3) Defendants had been in uninterrupted possession for five years prior to the institution of this suit and consequently this action will not lie. R. S. 1899, sec. 3344; Railroad v. Hill, 60 Mo. 281. (4) Defendant's possession was continuous, uninterrupted, bona fide, and for the purpose of obtaining substantial benefit. Dyer v.

Reitz, 14 Mo. App. 45; Willis v. Stevens, 24 Mo. App. 500; School Dist. v. Holmes, 53 Mo. App. 487; Crispen v. Hanavan, 50 Mo. 536; Scott v. Allenbaugh, 50 Mo. App. 130; Hinniger v. Trax, 67 Mo. App. 521; Hoffstetter v. Blattner, 8 Mo. 276; McCartney v. Alderson, 45 Mo. 35; Powell v. Davis, 54 Mo. 315.

ELLISON, J.—This action is forcible entry and detainer. The judgment in the trial court was for defendant and plaintiffs appealed.

An examination of the record discloses that there is nothing before this court which it can properly review. The cause was submitted to the trial court without a jury. There were no objections to evidence and no instructions asked. This condition of the record only leaves the question whether there was any evidence to sustain the court in its finding. There was evidence from which the court could well find that the alleged possession taken by plaintiffs was not in good faith for the purpose of occupation, but on the contrary was a sham and pretense. Furthermore, there was evidence tending to show that defendant and his predecessors had had the possession now complained of for more than three years. Either of these conditions, if believed by the court, would prevent a finding for plaintiffs. Section 3344, Revised Statutes 1899, and authorities in defendant's brief. The question in cases like this is not what we would have found to be the fact had we tried the case in the first instance, but is confined to the one point, viz., whether there is any substantial evidence, direct or circumstantial, which tends to support the view taken by the trial court.

The judgment must be affirmed. All concur.