C. C. UNDERWOOD, Appellant, v. CITY OF CARUTHERSVILLE, Respondent.

Springfield Court of Appeals, July 7, 1910.

1. **PRACTICE: Appeal and Error: Remarks of Counsel: Motion for New Trial.** Where appellant fails to call the trial court's attention in his motion for a new trial, to the error in permitting the opposing counsel to make improper remarks to the jury in his opening statements, the question is not before the appellate court for review.

2. **FORCIBLE ENTRY AND DETAINER: Res Adjudicata: Evidence.** In an action for unlawful detainer, it is held error to permit defendant to introduce a judgment in a former suit by injunction and for trespass between the same parties.

3. **———: Actions: Title to Land Not Involved.** The title to the land or the right to its possession is not in issue in an action of forcible entry and unlawful detainer.

Underwood v. Caruthersville.

4. ————: **Possession of Plaintiff.** The question as to how plaintiff obtained possession is not involved in an action for forcible entry and detainer, provided that at the time defendant ousted him he was then in the peaceable possession of the property.

5. **POSSESSION: Possession Taken to Secure Advantage in Litigation.** Possession taken primarily for the purpose of securing an advantage in threatened or expected litigation, is not such a possession as the courts will recognize and it cannot be made the foundation of any sort of action as between that party and the one against whom the advantage was sought by the act of taking possession.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*R. D. Gardner* for respondent.

(1) There was no error in permitting C. B. Faris to testify that the defendant acquired the title to the lot in question from Mrs. Roberts and she from J. D. Tinsley, and the city and its grantors had been in the actual, open, notorious and peaceable possession of the lot in question since 1872. Dyer v. Reitz, 14 Mo. App. 45; Degrew v. Prior, 60 Mo. 56; Keen v. Schweigler, 70 Mo. App. 409; Buck v. Endicott, 103 Mo. App. 248; Rochester v. Mining Co., 86 Mo. App. 447; Milem v. Freeman, 136 Mo. App. 117; Willis v. Stevens, 24 Mo. App. 500. (2) There can be no error in the introduction of a certified copy of the judgment from the circuit court of Ste. Genevieve county between the parties as to the strip of land in question, when after the introduction of a certified copy of the motion for a new trial which had not been passed upon by an instruction which, in express terms, withdraws it from the consideration of the jury. Griffith v. Hanks, 91 Mo. 109; Durant v. Mining Co., 97 Mo. 62; Gaesher v. College, 76 Mo. 332; Milling Co. v. Transit Co., 112 Mo. 273.

*Shepard & Shepard* for appellant.

(1) If there was anything tried in the Ste. Gene-vieve circuit court, it was the question of trespass, and could not be *res adjudicata* to an action of forcible entry and detainer. Then the question of the manner in which the possession was gained cannot be inquired into in actions of this kind. A trespasser can maintain this action. The only question being, was plaintiff in the peaceable possession of the premises, and did the defendant intrude upon his possession against his will. Craig v. Donnelly, 28 Mo. App. 350; Kings v. Gas Light Co., 34 Mo. 38; Sitton v. Sapp, 62 Mo. App. 203; Willis v. Stevens, 24 Mo. App. 502; Rochester v. Mining Co., 86 Mo. App. 451; Redman v. Perkins, 98 S. W. 1097; Stewart v. Milesk, 105 Mo. App. 242; Bradley v. West, 60 Mo. 59.

COX, J.—This is an action for forcible entry and unlawful detainer for a strip of land twelve feet wide and thirty-five feet long. It appears that the defendant was the owner of a lot in the city of Caruthersville, fronting on George street on which it had its public buildings. That the plaintiff claimed to be the owner and was in possession of a lot immediately back of the city lot and the land in controversy is a strip of ground between these two lots. The controversy arises out of the fact that the parties disagree as to the division line between them. The defendant had, in 1896, or '97, erected a city hall and jail combined upon this lot, and at the rear of this building and constituting a portion of it was what was called a shed, eight feet wide and sixteen feet long, used for the purpose of storing the city's fire apparatus. The plaintiff had occupied the ground of which he had possession for the purpose of a coal yard and public weighing scales, and his testimony tended to show that he had been in possession of all the strip now in controversy except that portion covered by

the shed, 8x16, at the rear of defendant's building, for the period of about three years. That in December, 1905, or January, 1906, the defendant had taken down its building and that shortly thereafter plaintiff erected a fence upon what he claimed to be the line of his lot, and that some two months thereafter the defendant, by its agents and servants, tore down this fence, moved some of plaintiff's coal and proceeded to erect a new building which covered the ground formerly occupied by the shed and also some land lying east of the land formerly covered by the shed and covering a portion of the land now in dispute. The defendant's testimony tends to show that they tore down the old building, including the shed mentioned, for the purpose of erecting a new building and that they proceeded with the work of erecting the new building as soon as the weather conditions would permit after removing the old one, and that at the time the fence was erected by the plaintiff defendant had begun work ditching for the foundation of its building, had put stakes and lines upon the land showing where the line of its foundation would be for the entire building, including the portion that was located on the strip now in controversy. Further that plaintiff had erected the fence at a very early hour in the morning and before ordinary working hours; that plaintiff had consulted an attorney about building the fence before it was built and that he had put it there under the advice of counsel, and that plaintiff had stated that he knew defendant was going to build a new building, but he did not intend to permit it to be built upon him if he could help it. Witness D. E. Green testified that he had told Underwood, the plaintiff, that he, Green, had bought this land for the city and that plaintiff would have a lawsuit before he got it. Plaintiff's answer was that he was going to have one—was going to have the property. C. G. Sheppard, the attorney who had been consulted by plaintiff, testified in rebuttal that he represented Mr. Underwood during the time they were having some con-

troversy about this property and he advised plaintiff to build the fence across there to fully designate the line between his property and the city. On cross-examination, he stated that plaintiff had talked to him a number of times about the matter; that he had looked through his title considerable, and that he had told plaintiff just a few days before he built the fence to build it, and that by doing so that would show plainly where his possession was.

It also appears from the testimony that there had been a dispute between plaintiff and defendant for some time over the boundary line between their property.

The case was tried before a jury, verdict returned in favor of defendant and plaintiff has appealed. The errors assigned by plaintiff are that the court erred in permitting counsel for defendant to make certain remarks in his opening statement to the jury; that the court erred in admitting incompetent and irrelevant testimony on the part of defendant; in rejecting competent testimony offered by plaintiff and errors committed in giving and refusing instructions.

1. As to the assignment of error relating to the action of the court in permitting counsel to make improper remarks in his opening statement it is sufficient to say that this alleged error was not preserved by plaintiff in his motion for new trial, and, hence, is not before us for review.

2. The errors complained of in the admission of testimony on the part of defendant relate to the judgment rendered in a former case between the parties in which defendant had been the plaintiff and this plaintiff defendant. That was an action by injunction and for trespass. It is contended by plaintiff that this testimony could not be admissible for any purpose in this case for the reason that no plea of *res adjudicata* was made by defendant in the action, and further that the finding and judgment of that court could not be binding upon this one. This testimony was clearly not admis-

sible in this case and plaintiff's objection thereto should have been sustained.

3.  Plaintiff complains of the instruction given by the court in behalf of defendant and of the court's action in refusing instructions asked by him. These instructions are long, and in the view we take of the case it is not necessary to copy them here, but it will be sufficient to say that some of them were correct instructions as applied to the facts in this case, while others were erroneous and some instructions given were in conflict with others given, and error was committed in that respect also, but in the view we take of this case it will not be necessary to review the action of the court in that respect.

The undisputed facts in this case show that the defendant had a deed of some kind to this property although it was not permitted to be introduced in evidence; that it was in possession of this strip now in dispute for several years before plaintiff acquired any possession or asserted any right thereto; that it remained in possession of, at least, the portion of it occupied by what is called the shed building up to the time that plaintiff erected its fence, and that at the time plaintiff erected the fence which as he and his attorney claimed was put there for the purpose of defining his possession, the defendant was, as a matter of fact, then in possession, because as the undisputed testimony shows, the stakes and lines, indicating the lines of its building which were placed there preparatory to digging the ditches for its foundation, were there on the ground and plaintiff must have seen them when he erected the fence. It is also undisputed that plaintiff had consulted his attorney several times before erecting this fence and it is worthy of note that while he and his counsel both testified in a general way that the fence was erected under the advice of his counsel, and while they stated that it was done for the purpose of defining his possession it nowhere appears that plaintiff's coun-

sel had advised him that he had any right at that time to the possession, or any right to build the fence where he did build it. Plaintiff's counsel testified that he had investigated the plaintiff's title, but he does not testify that he advised the plaintiff that he had title to the strip in controversy.

The law applicable to a case of this character is clear enough under the decisions in this State and may be briefly stated to be as follows:

The title to the land, or the right to its possession, is not an issue in an action of forcible entry and unlawful detainer. [Sitton v. Sapp, 62 Mo. App. 203; Van Stewart v. Miles, 105 Mo. App. 242; 79 S. W. 988; Redman v. Perkins, 122 Mo. App. 164, 98 S. W. 1097.]

Neither is it a question as to how plaintiff obtained possession provided that at the time defendant ousted him he was then in the peaceable possession of the property. [Meriwether v. Howe, 48 Mo. App. 148; Sitton v. Sapp, 62 Mo. App. 203.]

Another well-settled principle of law is that possession taken primarily for the purpose of securing an advantage in threatened or expected litigation is not such a possession as the court will recognize, and it cannot be made the foundation of any sort of action as between that party and the one against whom the advantage was sought by the act of taking possession. [Dyer v. Reitz, 14 Mo. App. 45; Swayze v. Bride, 34 Mo. App. 414; Apperson v. Allen, 42 Mo. App. 537; Buck v. Endicott, 103 Mo. App. 248, 77 S. W. 85; Milem v. Freeman, 136 Mo. App. 117, 117 S. W. 634.]

As to the real issues in this case there was not very much conflict in the testimony. The good faith of plaintiff in erecting the fence spoken of by the witnesses and which defendant is charged with having torn down at the time of the alleged forcible entry was the real issue in this case. When plaintiff built the fence that gave him the physical possession of the land and if the law will recognize and protect that possession the defend-

ant could not forcibly enter and oust him, but if it be true as indicated by some of the testimony that plaintiff erected the fence solely for the purpose of securing some advantage in expected litigation between him and defendant then his pretended possession can avail him nothing and the law will leave him where it found him. Upon a retrial of the case this issue should be submitted to the jury by an appropriate instruction and the case settled by their finding thereon. All questions as to title should be eliminated and the testimony confined to the questions relating to the possession of the parties and the instructions to the jury should be few and couched in simple and plain language so that the jury may readily understand the issues they are to pass upon.

The judgment will be reversed and the cause remanded. All concur.