# CHARLESTON.

PERRY *et al. v.* McDONALD *et al.*

Submitted March 22, 1910.    Decided October 31. 1911.

1. QUIETING TITLE—*When Suit is Maintainable.*
     The holder of the true superior title to land which is in his actual possession may maintain a suit in equity to remove from his title the cloud of a claim by another under an inferior title. (p. 620).

2. SAME—*Jurisdiction—Possession.*
     That the possession relied on by a plaintiff in a suit to remove cloud was taken in the night time, or for the purpose of bringing suit, when no prior exclusive possession was disturbed or tortious act committed, will not deprive equity of jurisdiction. (p. 620).

Appeal from Circuit Court, Summers County.

Bill by Mary A. Perry and others against George R. McDonald and others.  Decree for plaintiffs, and defendant McDonald appeals.

*Affirmed.*

*Chafin & Bland* and *Vinson & Thompson,* for appellant.

*Ragland & Greene* and *Campbell, Brown & Davis,* for appellees.

ROBINSON, JUDGE:

In this suit for the removal of cloud from title to land, the bill sets up a superior title in plaintiffs as against an inferior one in defendant and alleges that plaintiffs are in actual possession.  On the hearing of the cause, from the pleadings and proofs, the court granted plaintiffs the relief sought.  The decree in their behalf is, by defendant's appeal, challenged as erroneous.

There is no merit in the assignment that the court erred in overruling the demurrer to the bill.  Defendant argues that the bill does not aver that the title of the party whose superior deed is relied on by plaintiffs is now vested in them.  This point is not well taken.  The bill sufficiently shows that plaintiffs

are the heirs of the grantee in this deed, and that the title is now in them by descent.

Defendant further contends that no such suit as this one can be maintained. That a party in actual possession of land may, by a suit in equity, remove a cloud from his title is too well settled to be discussed here. "One in actual possession of land under superior title may go into a court of equity to remove the cloud over his title arising from a claim under color of title thereto by another under an inferior adverse title." *Whitehouse* v. *Jones*, 60 W. Va. 680.

The mere fact that plaintiffs went into possession of the land in the night time cannot defeat their right to rely upon that possession as a basis of this suit. The act was not unlawful or tortious. Defendant has not shown that he was in absolute possession at that time. The only possession on his part prior to the entry of plaintiffs was by occasional acts of taking a little coal and cutting timber therefrom, throughout a great number of years. He exercised no exclusive possession. The land was open. It had not been taken in by the enclosure of defendant or by actual, exclusive and continuous occupancy on his part. Entry thereon could be made without ousting him; for he was not in complete possession himself. Under such circumstances it cannot be said that the entry of plaintiffs was forcible, tortious, fraudulent, or unlawful. It is true that the possession which gives jurisdiction in suits to quiet title must be such as was acquired in a legal way, and that possession wrongfully obtained by force or fraud will not suffice. 32 Cyc. 1341. The facts presented in the case before us, however, plainly do not show a violation of that principle. They do not show a wresting of the possession from defendant. An exclusive prior possession was not disturbed, and tortious acts were not committed. It is immaterial that possession may have been taken for the purpose of instituting suit. *Kraus* v. *Congdon*, 161 Fed. 18; *Apperson* v. *Allen*, 42 Mo. App. 537.

Plaintiffs proved that they were in actual possession of the land and that they were the legal owners thereof by a title superior to that under which defendant claimed. The decree asserting their title and annulling defendant's deed is a rightful one, and, therefore, will be affirmed.

*Affirmed.*