# CHARLESTON.

James McClung v. Sewell Valley Railroad Company.

Submitted October 28, 1924.    Decided December 2, 1924.

1. Right of Way—*Grant for Railroad Purposes Conveys Easement Only, Not Title to Land.*

   The grant of a right of way for railroad purposes conveys an easement only, and does not pass title to the land over which the easement is granted. (p. 688).

2. Same—*An Incorporeal Hereditament May be Subject of Grant, Devise or Inheritance.*

   A right of way secured by grant is an incorporeal hereditament and may be the subject of grant, devise or inheritance.

97 W. Va.

3.  Equity—*Has Jurisdiction to Remove Cloud from Title When Instrument Constituting Cloud May be Used to Embarrass or Affect Plaintiff's Title.*

    Equity has jurisdiction to remove cloud from title where the instrument or other proceeding constituting the cloud may be used injuriously or vexatiously to embarrass or affect plaintiff's title. (p. 688).

4.  Quieting Title—*Owner of Land Not Ousted by Railroad Company Entering Thereon Under Color of Title for Constructing Railroad Over Right of Way so as to Prevent Suit to Remove as Cloud on His Title Deed to Company for Greater Interest Than Grantor Had.*

    An owner of land who is in possession thereof is not so far ousted by a railroad company entering thereon under color of title for the purpose of constructing a railroad over a right of way claimed by it as to prevent him from maintaining a suit in equity to remove as a cloud on his title a deed to the railroad company for a greater interest in the land than its grantor had. (p. 689).

5.  Equity—*Jurisdiction to Restrain Irreparable Injury Being Done or Threatened by Trespass.*

    Where irreparable injury is being done or threatened to be done to real estate by trespass, equity has jurisdiction by injunction to restrain such trespass. (p. 690).

Appeal from Circuit Court, Greenbrier County.

Suit by James McClung against Sewell Valley Railroad Company. Judgment for defendant, and plaintiff appeals.

*Reversed and remanded.*

*McWhorter & Van Sickler*, for appellant.
*Chas. S. Dice*, for appellee.

Miller, Judge:

Plaintiff's bill prays for an injunction to restrain and enjoin the defendant railroad company from constructing and operating a railroad along the way claimed by defendant on plaintiff's lands, and that it be restrained from further trespass on his lands, and from obstructing Little Clear Creek; and that it be required to remove from the bed of said creek obstructions already placed therein by it in the construction of its roadbed; and the further prayer of the bill is that a

certain deed from the Meadow River Lumber Company to defendant be cancelled as a cloud on plaintiff's title.

The circuit court overruled plaintiff's motion for an injunction and sustained defendant's demurrer to plaintiff's bill, and dismissed the bill.

From the bill it appears that plaintiff is the owner in fee of the lands over which defendant is constructing its railroad. By deed of July 10, 1916, plaintiff's predecessors in title conveyed to the Meadow River Lumber Company, "with covenants of general warranty, the following tracts of land and timber, reserving surface rights, granting rights and privileges hereinafter named." And after describing certain timber and surface conveyed, and surface and timber reserved, the deed further provided:

> "The said parties of the first part also convey unto the said party of the second part a right of way for railroad, for general purpose, along Little Clear Creek on the west side thereof, and entirely through that part of the Glencoe Estate not herein conveyed in fee, the same to be sixty feet wide to be located so as to serve the purposes of said party of the second part for a permanent right of way for a railroad. The said parties of the first part also grant unto the said party of the second part the right of way to build all the necessary railroads, tramroads, and any and all kinds of roads necessary for the removal of the timber on this estate, or any timber that may be acquired from other parties adjoining said property these roads to be abandoned when cut timber is removed, and in any event not to remain in operation more than 15 years from the date hereof, but due regard must be had that the lands through which said roads and ways traverse will not be located so as to unnecessarily damage said land, when the same can be avoided with care and with little extra expense.
>
> "Time Limit: In the above grants of timber it is hereby agreed by and between the parties hereto, that the said timber is to be removed within five years (5) from the completion and operation of a railroad within two miles of any of the boundaries of land and timber herein conveyed, and in the event no railroad is completed and in operation within the

above time limit the same to be extended one year at a period, but in no event to exceed fifteen years from the date hereof, and all timber remaining on the above boundaries where surface is reserved, at the expiration of 15 years from the date hereof to revert to the said parties of the first part."

The deed from the Meadow River Lumber Company to defendant, alleged to be a cloud on plaintiff's title, dated November 23, 1922, conveyed in fee "one certain strip of land sixty feet wide and 9200 feet long, containing 12.7 acres, * * * lying 30 feet on either side of the center line of the Glencoe Branch of Sewell Valley Railroad, as located on the ground." etc. The deed contains a description of the land conveyed, by courses and distances, from station to station, through the entire length of plaintiff's land.

First, it is argued that the deed to the lumber company conveyed only an easement personal to the grantee, an easement in gross, which could not be conveyed to defendant. But the granting clause of the deed itself recites that there was thereby conveyed "a right of way, for general purposes * * * for a permanent right of way for a railroad." In *Uhl v. Railroad Company*, 51 W. Va. 106, this court held that the words "right of way" in a grant to a railroad conveys an easement in fee simple, which is an incorporeal hereditament; but that the use of the words quoted does not pass the land itself. The authorities cited by Judge Brannon in the opinion in that case fully support the proposition laid down, and we do not deem it necessary to review them again in this opinion. The grant of an easement, or right of way, over land creates an incorporeal hereditament, which may be the subject of grant, devise or inheritance. 2 Minor's Inst. 6, 21; 1 Devlin on Deeds, sec. 12; 32 Cyc. 660; and the numerous cases cited and reviewed in the Uhl case, cited *supra*. So that the lumber company took by the deed to it a property right which it could convey to another.

But the deed from the lumber company to defendant attempted to convey a fee simple title in the land described. This deed unquestionably attempted to convey to defendant a greater interest in the land than the lumber company acquired by its deed from plaintiff's predecessors in title, which

was only a permanent right of way for a railroad. It is well settled in this state that equity has jurisdiction to remove clouds from title where the instrument or other proceeding constituting the cloud may be used to injuriously or vexatiously embarrass or affect plaintiff's title. *Clayton* v. *Barr,* 34 W. Va. 290; *Austin* v. *Brown,* 37 W. Va. 634; *Smith* v. *O'Keefe,* 43 W. Va. 172; *Perry* v. *McDonald,* 69 W. Va. 619. And this is so whether or not the instrument or proceeding is void or ineffectual to pass title. *Ambler* v. *Leach,* 15 W. Va. 677; *Tennant* v. *Fretts,* 67 W. Va. 569; *Gilbert* v. *McCreary,* 87. W. Va. 56; *Perdue* v. *Ballengee,* 87 W. Va. 618; *Jones* v. *Crim,* 66 W. Va. 301.

Defendant raises the point that plaintiff by his bill admits that defendant is in possession of the right of way; and that being out of possession plaintiff can not maintain a suit to remove cloud. Of what has defendant possession? A right of way; an incorporeal right in property. Such a right is not exclusive in any sense. The owner of the fee has the use of the land for all purposes not inconsistent with defendant's right to enjoyment of its right of way for railroad purposes. It does not appear that defendant is attempting to make any other use of the land. In *Perdue* v. *Ballengee, supra,* we said: "The plaintiff is in possession of it for all purposes, even conceding defendant's right to the easement, except such as would deny its use for that purpose, and this possession will sustain his right to go into a court of equity to remove the cloud cast upon his title by the deed to defendant. The plaintiff could not maintain a suit in ejectment or unlawful entry and detainer, for the very reason that he is not excluded from the possession."

It will be noted that the original grant of a right of way located the way "along Little Clear Creek on the west side thereof." The bill alleges that the center line of the proposed railroad right of way as surveyed and laid down by defendant "in some places passes to the east side of the center of said creek, and in some places the said way takes all of said creek;" and that the defendant has located its railroad in part on the east side of said creek. And it is further alleged that defendant has thrown, piled and heaped in the bed of Little Clear Creek stones and other obstructions and choked

up the channel and bed of the stream, and has caused the waters of said stream to overflow and be cast upon plaintiff's land for a long distance below these obstructions, washing away and eroding his land and destroying his crops, and that the waters from the stream will continue to overflow and do like and permanent injury to said lands in the future, as often as high waters occur in said creek.

We think the facts alleged, if true, entitle plaintiff to relief, and that the lower court erred in sustaining the demurrer to his bill. A case of permanent and continuing injury to plaintiff's lands is stated by the facts alleged. And though it may be true that where one grants a right of way over his land for a railroad, all damages to the remainder of the land arising from construction of the road, past, present and future, are released, as held in *Watts* v. *N. & W. Ry. Co.,* 39 W. Va. 196, here plaintiff alleges that defendant has departed from the way granted, by crossing Little Clear Creek to the east side, when the original deed called for the west side of the stream. Where irreparable injury is being done or threatened to be done to real estate by trespass, it is well settled that an injuction lies to restrain the trespass. 7 Enc. Dig. Va. & W. Va. Rep. 525, and cases cited; 2 Story Eq. Jur., sec. 1258; 4 Pomeroy Eq. Jur., sec. 1357; 2 Joyce on Injunctions, secs. 1129, 1154; 1 High on Injunctions, 661; 14 R. C. L. 347.

In view of the foregoing conclusions, it plainly appears that plaintiff's bill presents a case entitling him to relief, and that defendant's demurrer should have been overruled. The decree below will be reversed, and the cause remanded for further proceedings to be had therein in accordance with the views herein enunciated, and further in accordance with the rules and principles governing courts of equity.

*Reversed and remanded.*